COMMONWEALTH *vs.* LUCIAN M. TITUS & another.

Worcester. September 29. — October 6, 1874. COLT & MORTON, JJ., absent.

The finder of lost goods, who, at the time of first taking them into his possession, has a felonious intent to appropriate them to his own use and to deprive the owner of them, and then knows or has reasonable means of knowing or ascertaining who is the owner, is guilty of larceny.

On an indictment for larceny of goods found by the defendant, the bill of exceptions stated that evidence was admitted to show what the defendant said and did about the property and his possession of it, subsequently to the original finding and taking, for the sole purpose of proving the intent with which he originally took the property into his possession, at the time of finding it. What the acts and admissions were was not stated. *Held,* that the defendant had no ground of exception to the admission of the evidence.

INDICTMENT against Lucian M. Titus and Elbridge F. Horr, charging them jointly with the larceny of certain articles of personal property alleged to be the property of Nancy Meacham.

Trial in the Superior Court, before *Aldrich,* J., who allowed the following bill of exceptions: " The defendant Horr pleaded guilty. Titus pleaded not guilty. Upon his trial the government introduced evidence tending to prove the ownership of the property as alleged in the indictment; and that the owner, while riding on one of the public highways in Athol, lost the wallet or travelling bag containing the articles mentioned in the indictment; that the defendants, passing along the same highway not long after the loss of the bag, discovered it, picked it up, and afterwards appropriated the contents of the bag to their own use, and destroyed the bag by cutting it in pieces and concealing the same in a wood lot remote from the place of finding.

" As bearing upon the question of the intent with which the defendant Titus originally took the bag and its contents, the government, against his objection, was permitted to introduce evidence to show what Titus said and did about the property and his possession of it, subsequently to the original finding and taking. This evidence was offered by the government and admitted by the court for the single purpose of proving, so far as it tended to do that, the intent with which Titus originally took the property into his possession at the time of finding it. And the jury were instructed that they could properly make no other use of this evidence, as against the defendant.

" The defendant's counsel asked the court to rule that lost property cannot be the subject of larceny. This ruling the court declined to give; but did instruct the jury that to authorize a conviction of the defendant Titus, they must be convinced by the evidence in the case beyond all reasonable doubt: First, that at the time of the finding of the property by the defendant and the taking of it into his possession, he had a felonious intent of appro-

priating the property to his own use and depriving the owner of it Secondly, that he then knew who the owner was, or then had reasonable means of knowing or ascertaining who the owner was.

"The court further instructed the jury that if the evidence failed to satisfy them beyond every reasonable doubt that, at the time of finding the property, Titus knew or had reasonable means of knowing who the owner was; or if they should find that he did not originally take the property with the felonious intent of converting it to his own use, but formed such purpose afterwards, it would be their duty to acquit him.

"To the admission of the evidence objected to, the refusal to rule as requested, and the foregoing instructions, the defendant objected. Other and appropriate instructions, not objected to, in relation to the nature of the offence charged, and in relation to the evidence, the burden of proof, &c., were given.

"The jury returned a verdict of guilty, and the defendant alleged exceptions."

*F. T. Blackmer*, for the defendant, cited 2 East P. C. 663, *Regina* v. *Wood*, 3 Cox C. C. 453; *Regina* v. *Preston*, 2 Den. C. C. 353; *S. C.* 5 Cox C. C. 390; *Regina* v. *Dixon*, 7 Ib. 35; *Regina* v. *Christopher*, 8 Ib. 91; *Regina* v. *Moore*, Ib. 416; *Regina* v. *Glyde*, 11 Ib. 103; *People* v. *Anderson*, 14 Johns. 294; *People* v. *Cogdell*, 1 Hill, 94; *Porter* v. *State*, Mart. & Yerg. 226; *Tyler* v. *People*, Breese, 227; *State* v. *Weston*, 9 Conn. 527.

*C. R. Train*, Attorney General, for the Commonwealth, cited, in addition to some of the above cases, *Regina* v. *Thurborn*, 1 Den. C. C. 387; 2 Bennett & Heard's Lead. Crim. Cas. (2d ed.) 409, 417; *Regina* v. *Shea*, 7 Cox C. C. 147; *Commonwealth* v. *Mason*, 105 Mass. 163.

GRAY, C. J. The rulings and instructions at the trial were quite as favorable to the defendant as the great weight, if not the unanimous concurrence, of the cases cited on either side at the argument would warrant.

The finder of lost goods may lawfully take them into his possession, and if he does so without any felonious intent at that time, a subsequent conversion of them to his own use, by whatever intent that conversion is accompanied, will not constitute larceny. But if, at the time of first taking them into his posses-

sion, he has a felonious intent to appropriate them to his own use and to deprive the owner of them, and then knows or has the reasonable means of knowing or ascertaining, by marks on the goods or otherwise, who the owner is, he may be found guilty of larceny.

It was argued for the defendant that it would not be sufficient that he might reasonably have ascertained who the owner was; that he must at least have known at the time of taking the goods that he had reasonable means of ascertaining that fact. But the instruction given did not require the jury to be satisfied merely that the defendant might have reasonably ascertained it, but that at the time of the original taking he either knew or had reasonable means of knowing or ascertaining who the owner was. Such a finding would clearly imply that he had such means within his own knowledge, as well as within his own possession or reach, at that time.

It was further argued that evidence of acts of the defendant, subsequent to the original finding and taking, was wrongly admitted, because such acts might have been the result of a purpose subsequently formed. But the evidence of the subsequent acts and declarations of the defendant was offered and admitted, as the bill of exceptions distinctly states, for the single purpose of proving, so far as it tended to do so, the intent with which the defendant originally took the property into his possession at the time of finding it. And the bill of exceptions does not state what the acts and declarations admitted in evidence were, and consequently does not show that any of them had no tendency to prove that intent, nor indeed that any acts were proved except such as accompanied and gave significance to distinct admissions of the intent with which the defendant originally took the goods.

*Exceptions overruled.*