THE STATE v. DEAN.

1. **Criminal Law: LARCENY: LOST GOODS.** The finder of lost goods which have no marks by which the owner could be identified, and who does not know to whom they belong, is not guilty of larceny, even if he does not exercise diligence to discover who the owner of the goods may be.

*Appeal from Dubuque District Court.*

FRIDAY, JUNE 14.

THE defendant was indicted and convicted of the crime of larceny in stealing certain property belonging to one Horn, and now appeals to this court.

*Pollock & Shields,* for appellant.

*J. F. McJunkin, Attorney General,* for the State.

ADAMS, J.—The evidence shows that in July, 1876, a great flood occurred in the Catfish creek, at the village of Rockdale, in the county of Dubuque, whereby nearly the whole village was swept away and destroyed. Two stocks of merchandise were swept away, and the goods swept to a great distance. A part of these goods, as well as articles of household furniture, etc., were gathered up by different persons immediately after the flood, and carried to different houses in the neighborhood. The defendant found on the banks of the Catfish, about three-fourths of a mile below Rockdale, some papers belonging to one Horn, also a lady's muff, a piece of flannel, a piece of muslin, and a coat, and took the same to his house. They were at the time very much soiled by wet and dirt, and his wife washed them and hung them out to dry on a clothes-line by the side of a public street, where they were found. The evidence shows that the defendant had previously been making inquiry as to where

Horn could be found, with the ostensible purpose of restoring to him the papers. There was no evidence tending to show that the defendant knew who owned the other property, and as to a part of it the ownership does not seem to have been ascertained yet.

The defendant asked the court to give an instruction in these words: "If you find from the evidence that said goods were lost; that the same were found by the defendant; that at the time he found the same he did not know who owned them; that there were no marks upon or about the goods showing to whom they belonged, so that defendant could identify the owner at once—even though the defendant could afterwards have discovered the owner by honest diligence— then you must acquit the defendant." The court refused to give this instruction, and instructed the jury as follows: "Lost goods may be the subject of larceny, and should receive the same protection from the civil and criminal law as goods in any other situation. Where the finder knows or has the immediate means of knowing who was the owner, and, instead of returning the goods, converts them to his own use, such conversion will constitute larceny. Reasonable diligence in discovering the owner should be shown by the party finding. The intention of a party committing a larceny at first may not be felonious, but if the property is wrongfully used or converted it is larceny." In giving these instructions and in refusing to instruct as asked, we think that the court erred. The statute upon the subject is in these words: "If any person come by finding to the possession of any personal property of which he knows the owner, and unlawfully appropriates the same or any part thereof to his own use, he is guilty of larceny." Section 3907 of the Code. The crime, if committed, must consist in the original taking. It cannot consist in a subsequent lack of diligence in attempting to find the owner, nor in a subsequent conversion. The statute does indeed provide a penalty for converting lost goods. It provides a penalty of twenty dollars. In addition,

the owner may recover for any damage which he may sustain. Code, § 1522. The statute also provides what steps the finder of lost goods should take, and how he may be compensated. Code, §§ 1514, 1515, 1516 and 1518. But where the original taking is lawful, as where the finder is ignorant of the owner, the omission to take the steps pointed out by the statute, and the conversion, do not constitute larceny. This is not only the plain meaning of the statute, but it is the doctrine of the decisions. It is stated in Bishop's Criminal Law, vol. 2, § 882, 5th Ed., in these words: "A man knowing the owner of goods cannot lawfully pick them up without returning them to him, but a man not knowing the owner can. The doctrine, therefore, is that if when one takes goods into his hands he sees about them any marks, or otherwise learns any facts by which he knows who the owner is, yet with felonious intent appropriates them to his own use, he is guilty of larceny, otherwise not."

In *People v. Cogdell*, 1 Hill, 94, the defendant was indicted for larceny of a lost pocket-book and money contained therein. He made no effort to find the owner, and converted the property to his own use. The court held that it was a mere case of trover, and not larceny. The same doctrine is held in *People v. Anderson*, 14 Johnson, 294; *State v. Conway*, 18 Mo., 321; *Wright v. State*, 5 Yerg., 154. The rule that the use of property by the finder, without reasonable diligence upon his part to find the owner, would constitute larceny, would often be oppressive. Scarcely any effort short of a successful one might be deemed by juries sufficient. In the meantime, the finder must care for the property, and if, through his negligence, it is lost, he becomes liable to the owner.

The rule here held is in harmony with that held by this court in *State v. Wood*, 46 Iowa, 116, in which substantially the same principle was involved. In that case the defendant had innocently come into the possession of a guitar, and after-

ward sold it, with the design of appropriating the proceeds: it was held not to be larceny. The same doctrine was held in *Abrams v. The People*, 6 Hun., 491, and *Wilson v. The People*, 39 N. Y., 459.

REVERSED.