### ALBERT H. FELTON *vs.* HOSEA D. GREGORY.

Suffolk.   Nov. 11, 1880. — Jan. 6, 1881.   LORD & SOULE, JJ., absent.

A person, who had received a reward for finding a sum of money, repaid it, after he had pleaded guilty to a complaint for violation of the Gen. Sts. c. 79, § 1 and had been told by the magistrate, before whom the hearing on the complaint was had, that the law required him to return the money. *Held,* in an action by him for money had and received, that his arrest was legal, and that the evidence would warrant a finding that the money was repaid by him voluntarily and not under duress.

CONTRACT for money had and received. Trial in the Superior Court, without a jury, before *Putnam*, J., who found for the defendant, and allowed a bill of exceptions, the substance of which appears in the opinion.

*J. H. Cotton*, for the plaintiff.

*F. Dodge*, for the defendant.

MORTON, J. The only question in this case is whether the finding for the defendant was warranted by the evidence. It appeared that the plaintiff found a pocket-book containing a large sum of money belonging to the defendant. The pocket-book contained certain memoranda with the defendant's name upon them, which the plaintiff saw when he first examined it, and which furnished him with reasonable means of knowing who the owner was. He made no attempt to find the owner, and neglected to post up notices, as required by the Gen. Sts. *c.* 79, § 1, but, as he testified, "held back the pocket-book, without making any inquiries, for a large reward, knowing that a man who had lost so much money as that was able to pay a liberal reward." Four days afterwards, he saw in a newspaper an offer of a reward of $200 for the return of the pocket-book and contents, and thereupon he called upon the defendant, delivered it to him, and received the reward of $200. On the next day, the defendant was informed by a police officer that the plaintiff had been guilty of a violation of law; and the police officer, with the concurrence of the defendant, entered a complaint against the plaintiff for a violation of the Gen. Sts. *c.* 79, § 1. To this complaint the plaintiff pleaded guilty; the magistrate then said to him that "the law made it explicit that he should return the money," and the plaintiff then returned the $200 to the defendant, and the defendant paid him twenty dollars, and the plaintiff said he was satisfied. He afterwards brought this action to recover the $180, on the ground that it was paid under duress.

Upon this evidence, the presiding justice was not required to rule, as matter of law, as requested by the plaintiff, that the money was paid under duress, and that the plaintiff was entitled to recover it back. The act of the plaintiff in concealing the fact that he had found the money, with the intent of obtaining a reward, was wrongful and fraudulent, if not felonious. *Commonwealth* v. *Mason*, 105 Mass. 163. He had no right under such circumstances to claim or retain the reward. His arrest was legal. Gen. Sts. *c.* 79, § 1; *c.* 176, § 2. Although he testified that he paid the money back because he supposed that, if he did not, he would be imprisoned, there was no evidence whatever of any

threats of imprisonment, by the defendant or any one. The presiding justice may properly have found, upon the evidence, that the plaintiff, finding himself detected in an offence, voluntarily paid the money back; and that the only coercion influencing his mind was the fear of the consequences of his own criminal act. If this can be held to be duress, then every thief who makes restitution of the stolen property, for the purpose of mitigating his sentence, would be entitled to recover it back on the ground of duress. *Exceptions overruled.*