THE STATE v. GAFFENY.

1. **Criminal Law:** SALE OF LIQUORS: CONVICTION OF FIRST OFFENSE ON INDICTMENT FOR THIRD. The first offense in selling intoxicating liquors unlawfully is necessarily included in the third; (See Code, § 1540;) and so, under § 4466 of the Code, one may lawfully be found guilty of the first offense upon the trial of an indictment charging him with the third.   See cases cited in opinion.

*Appeal from Buchanan District Court.*

WEDNESDAY, JUNE 3.

THE defendant was, on the thirtieth day of November, 1883, indicted for selling intoxicating liquors on the first day of May, 1883.   It is alleged that the offense charged is the third; defendant having been twice before convicted of a like offense.   A judgment upon a verdict of guilty was rendered, from which defendant appeals.

*E. E. Hasner*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

BECK, CH. J.—I. The state failed to introduce evidence tending to prove that defendant had before been twice convicted of a like offense. The court instructed the jury that, in the absence of such proof, the jury were authorized to find defendant guilty, in case the evidence showed beyond a reasonable doubt that defendant was guilty of selling intoxicating liquor contrary to law; in other words, that defendant could be found guilty upon the indictment, though he had not before been convicted of a like offense. This instruction was excepted to, and a motion in arrest of judgment was made, on the ground that the district court had no jurisdiction of the offense, for the reason that there had been no prior conviction.

II. Code, § 1540, provides that, upon the first conviction for the unlawful sale of intoxicating liquors, the accused shall be fined in the sum of $20; upon the second, $50; upon the third, $100, and imprisoned in the county jail for not less than three nor more than six months. It may be assumed that an indictment cannot be found for the first and second offenses prescribed in this section, and that justices of the peace have jurisdiction to inflict punishment therefor.

The question for decision is this: Can the accused, being indicted for a third offense, be convicted of the first? The Code contains the following provisions: "Sec. 4465. Upon an indictment for an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto, or of an attempt to commit the offense, if punishable by indictment." "Sec. 4466. In all cases the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged."

It is obvious that the offense of which the defendant in this case is charged is not a degree of another offense, nor an attempt to commit another crime. It is a third offense, complete and distinct in itself. The section first quoted is therefore not applicable to the case.

Under the other section the defendant may be convicted of a first offense, if its commission is necessarily included in the third offense of which he is charged in the indictment. It is obvious that the first is necessarily included in the third offense, which cannot be committed without it; that is, there cannot be a third offense unless there has been a first. There cannot be an assault with an intent unless there is a simple assault. In each case the assault is the same thing. The intent adds to the crime and increases its punishment. So, in this case, the act of selling intoxicating liquors unlawfully is the same, whether it be the first, second or third offense. But the repetition of the sale and conviction therefor adds to the offense and its punishment. It therefore clearly appears that, under section 4466, the evidence being found sufficient to prove the offense of a first sale, the defendant was rightly convicted. In support of this position, see *State v. Jarvis*, 21 Iowa, 44, and *Benham v. State*, 1 Id., 542. See, also, *State v. White*, 45 Id., 325.

We reach the conclusion that the instruction given by the court, and the overruling of the motion in arrest, of which defendant complains, were correct.

AFFIRMED.