STATE OF IOWA V. H. D. NORDMAN, Appellant.

**Indictment for Larceny:** INCLUDING OFFENSES: *Variance.* Code
section 3902, provides that any person stealing the property of
another is guilty of larceny.   Section 3903 provides for the punish_
ment of any person who, in the night time commits larceny in
any store.   *Held,* that one indicted for larceny from a store in the
night time may be convicted of larceny, under Code, section 4466,
providing that defendant may be found guilty of any offense, the
commission of which is necessarily included in that charged in
the indictment, and one indicted for larceny from a store in the
night time may be convicted of larceny, on evidence that he found
and appropriated the property, under Code, section 3907, providing
that, if any person come by finding to the possession of personal
property of which he knows the owner, and unlawfully appropri-
ates it, he is guilty of larceny.

KINNE. C. J., dissents.

*Appeal from Jones District Court.*—HON. WILLIAM P. WOLF, Judge.

THURSDAY, APRIL 8, 1897.

THE defendant was convicted of the crime of larceny, and from a judgment which imposed a fine, and required that he be imprisoned in the county jail, he appeals.—*Affirmed.*

*Welch & Welch* for appellant.

*Milton Remley,* attorney general, for the state.

ROBINSON, J.—The indictment under which the defendant was convicted charged that he committed the crime of larceny from a building in the night time, in that he did wilfully and feloniously take, steal, and carry away from a certain store building, in the night time, on a day specified, revolvers, pocket cutlery, and other articles owned by one Carpenter, of the aggregate value of one hundred and thirty-eight dollars. The jury found that the defendant was not guilty of larceny from a store building in the night time, but that he was guilty of larceny, and fixed the value of the property taken at nine dollars and ninety cents.

I. A portion of the charge given by the district court to the jury was as follows: "The indictment charges larceny from a store building in the night-time. If you fail to find the defendant guilty of the crime charged in the indictment, you may find him guilty of the included crime of larceny, if you find, under these instructions, the evidence warrants you in doing so; and in considering whether he is guilty of such included crime, you will observe the instructions herein given you on the subject of reasonable doubt

and circumstantial evidence, and you should not convict of the higher offense, if you have a reasonable doubt as to the degree." The appellant complains of this and of another paragraph of the charge, because they authorized his conviction of the crime of larceny, and insists that there cannot be a lawful conviction of that crime under an indictment which charges the crime of larceny from a store in the night time. The question thus presented, may be stated as follows: Does larceny from a store in the night time include larceny? Section 3902 of the Code contains the following: "If any person steal, take, and carry away of the property of another, any money, goods, or chattles, * * * he is guilty of larceny, and shall be punished, when the value of the property stolen exceeds the sum of twenty dollars, by imprisonment in the penitentiary not more than five years, and when the value of the property stolen does not exceed twenty dollars, by fine not exceeding one hundred dollars, or imprisonment in the county jail not exceeding thirty days." Section 3903 provides that, if any person, in the night time, commit larceny in any dwelling house, store or other building mentioned, when the value of the property stolen exceeds the sum of twenty dollars, he shall be imprisoned in the penitentiary not exceeding ten years; and when the value of the property stolen does not exceed twenty dollars, he shall be punished by fine not exceeding three hundred dollars, and imprisonment in the county jail not exceeding one year. Section 3904 provides that, if any person in the day time, commit larceny as specified in the preceding section, and the value of the property stolen exceeds twenty dollars, he shall be punished by imprisonment in the penitentiary not more than five years, and when the value of the property stolen does not exceed twenty dollars, by fine not exceeding two hundred dollars, and imprisonment in

the county jail not exceeding one year. These three sections do not relate to separate and distinct offenses, but to one only,—the crime of larceny. It was said in *State v. Elsham*, 70 Iowa, 532 (31 N. W. Rep. 67), that section 3902 defines that crime, and prescribes the punishment for it when there are no circumstances of special aggravation, and that the other two sections merely point out certain circumstances which are an aggravation of the offense, but that the crime denounced in both is larceny; that "the facts of the time and place of the commission of the offense affect only the degree of punishment which shall be imposed upon the offender." In *State v. Murray*, 55 Iowa, 530 (8 N. W. Rep. 350), it was said that it was not inaccurate to say with respect to punishment, that there are degrees in larceny, but that there were not degrees of the crime. In *State v. Mikesell*, 70 Iowa, 176 (30 N. W. Rep. 474), the defendant was convicted of the crime of robbery. He had previously been acquitted of the crime of larceny from a dwelling house in the night time, based upon the same transaction, and pleaded that acquittal in bar of the prosecution for robbery. This court held that the plea was good, and said that larceny was an element of both offenses, and that under section 4466 of the Code, a defendant who is tried on an indictment which charges him with the commission of either of those crimes might be convicted simply of the larceny of the property described in the indictment, "for the commission of that offense would necessarily be included in that with which he was charged; and an acquittal of either of those crimes is likewise an acquittal of the larceny of the property, and a bar to an indictment for that offense." This court further said that an acquittal of the defendant in that case of the crime of larceny in a dwelling house in the night time was a judicial determination that he was not

guilty of the larceny of the property described in the indictment. Section 4465 of the Code, authorizes the conviction of a defendant of any inferior degree of that offense charged in the indictment for which he is tried. The next section is as follows: "Sec. 4466. In all other cases the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment." Since larceny is an element of the crime of larceny from a dwelling house in the night time, it must also be an element of the crime of larceny from a store in the night time, and included therein; and, as there are no degrees in the crime of larceny, it follows that one tried under an indictment for the crime of larceny from a store in the night time, may be convicted, under section 4466 of the crime of larceny. In other words, a person accused of the crime of larceny, with circumstances of aggravation, may be convicted of the crime without the aggravating circumstances. This conclusion is in harmony with the spirit and general purposes of the statutes of this state which regulate the procedure in criminal cases, and with various decisions of this court. Thus, section 3891 of the Code defines the crime of burglary, and provides that it shall be punished according to the aggravation of the offense, as prescribed in the two following sections. Section 3892 provides that if the offender, at the time of committing the burglary, be armed with a dangerous weapon, or so arm himself after entering the dwelling house, or actually assault any person being lawfully therein, or having any confederate present aiding and abetting the burglary, he shall be punished by imprisonment in the penitentiary for life, or for any term of years. Section 3893 provides that if a burglary be committed otherwise than as stated in

section 3892, the offender shall be punished by impris-
onment in the penitentiary not exceeding twenty
years.   In *State v. Struble,* 71 Iowa, 12 (32 N. W. Rep.
1), the defendant was accused of the crime of bur-
glary, and of having assaulted one Ordway, the owner
of the dwelling house entered, with intent to murder
him.   After the trial commenced, the state was per-
mitted to withdraw so much of the charge as related
to the assault, and this court held that there was no
error in what was done, and that it was the right
of the state to simplify the case by withdrawing
the charge of assault, and then proceeding with the
trial.   In *State v. Gaffeny,* 66 Iowa, 262 (23 N. W.
Rep. 659), the defendant was indicted for the
offense of having sold intoxicating liquors in vio-
lation of the law, after having been twice con-
victed of that offense.   The statute under which
the proceedings were had, provided that the person
son guilty of selling intoxicating liquors in violation
of law should be fined for the first offense the
sum of twenty dollars, for the second offense the sum
of fifty dollars, and that for the third offense he should
be fined one hundred dollars, and be imprisoned in the
county jail for not less than six months.   On the trial,
the state failed to show that the defendant had been
twice convicted of a like offense, but it was held, not-
withstanding that fact, that he could be convicted of
selling intoxicating liquors in violation of law.   This
court, in deciding the case, assumed that the first and
second offenses were not indictable, but were within
the jurisdiction of justices of the peace, and held that
a person indicted and on trial for the third offense
could be convicted of the first, because that was nec-
essarily included in the third; that the repetition of
the act added to the offense and its punishment; and
that it was governed by section 4466 of the Code.
In other words, this court held that the repetition of

the illegal act was a circumstance in aggravation of the offense of selling intoxicating liquors in violation of law. See, also, *State v. Ensley*, 10 Iowa, 149. We conclude that the district court propely charged the jury that the defendant might be convicted of the crime of larceny. The use of the word "degree" in the portion of the charge quoted was not strictly accurate, but could not have been prejudical to the defendant.

II. Of the property of Carpenter taken from his store, two revolvers and two knives were found on the person of the defendant several days after the larceny was committed. We infer from the record that a part of the stolen property was found in the vicinity of the store a short time after the larceny. The defendant testified that he picked up the two revolvers and knives which were taken from him at the place where the stolen property was found, and his theory appears to be that, if he was guilty of any offense, it was of unlawfully appropriating the articles which he claims to have found, and that he could not have been convicted of that offense under the indictment in controversy. Section 3907 of the Code is as follows: "If any person come by finding, to the possession of any personal property of which he knows the owner, and unlawfully appropriate the same, or any part thereof, to his own use, he is guilty of larceny, and shall be punished accordingly." Under this section the act which the defendant admits he committed was larceny. In *State v. Hayes*, 98 Iowa, 619 (67 N. W. Rep. 674), complaint was made of an instruction which defined the crime of larceny without reference to the section last quoted, but this court said that there was no force to the objection made; that section 3907 was not designed to create a distinct crime, but to declare a rule of evidence which, being fulfilled, constitutes the crime defined by section

3902. It follows that the conviction of the defendant under the indictment on which he was tried was authorized, even though his testimony in regard to the commission of the crime was true. What we have said disposes of the material questions involved in this case, and the judgment of the district court is AFFIRMED.

KINNE, C. J., dissents.