STATE OF IOWA v. WILLIAM HAYWOOD, Appellant.

**Criminal law:** LARCENY:, INCLUDED OFFENSES.   While the crime of simple larceny is included in the crime of larceny from a dwelling house in the night-time, still where the evidence clearly shows that the defendant is either guilty or not guilty of the greater offense, omission to instruct on the offense of simple larceny was not erroneous.

**Same:** LARCENY: EVIDENCE.   In this prosecution for larceny from a dwelling in the night-time the evidence is held to support a a verdict of guilty.

*Appeal from Wapello District Court.*—HON. C. W. VERMILLION, Judge.

WEDNESDAY, JUNE 5, 1912.

DEFENDANT was convicted of larceny from a dwelling house in the nighttime, and appeals.—*Affirmed.*

*W. W. Epps* for appellant.

*George Cosson,* Attorney General, and *John Fletcher,* Assistant Attorney General, for the State.

SHERWIN, J.—The defendant was charged with having stolen one hundred and sixty dollars from Mrs. Mary

Jordan, a resident of the city of Ottumwa. Mrs. Jordan was a widow, and at the time the crime was committed her household consisted of her son, a young man about nineteen years of age, and the defendant, who had been making his home at her place for about five years. The arrangement, under which the defendant remained at the Jordan home, was that he should furnish a part of the household necessities and have a room and his board. The defendant's principal business was the buying and selling of junk; and when not thus engaged he assisted Mrs. Jordan and her son in taking care of stock on the small premises occupied by her and in caring for the garden. On the night that the crime was committed, Mrs. Jordan had the money in question in a pocketbook, which was in the pocket of her coat, and this coat was in her bedroom when she retired at about ten o'clock. Mrs. Jordan and her son occupied separate beds in the same room, and at the time in question the son had already gone to bed. The defendant's room adjoined the room occupied by Mrs. Jordan and her son, and there was a doorway between the two rooms, over which a curtain was dropped when the rooms were in use; there being no door. The defendant was at home that night, but did not go to bed. About an hour after Mrs. Jordan had retired, he took her pocketbook and the money it contained, and left the house, going to the railroad depot, where he later took a train and went to Lincoln, Neb. A few days thereafter, he was arrested at the home of his daughter in Lincoln, and the money which he had taken was found in his possession.

But two propositions are presented by the defendant for our consideration. His first contention is that there should have been an instruction on the offense of simple larceny, because it is included in the crime charged in the indictment. This contention on the part of the defendant can not be sustained; for, while it is true that the offense of simple

1. CRIMINAL LAW: larceny: included offenses.

larceny is included in the crime of larceny from a dwelling house in the nighttime, it is also well settled in this state that it is not necessary to instruct on an included offense, where the evidence shows, without question, that the defendant is either guilty of the greater crime charged, or not guilty of any crime. *State v. Luther,* 150 Iowa, 158; *State v. Cater,* 100 Iowa, 501; *State v. Sterrett,* 80 Iowa, 609. Here the defendant testified that he took the money just before he left the house that night; and, if he had no legal right to it, he is clearly guilty of the crime charged, and of no other crime.

The other contention of the defendant is that the verdict is not supported by the evidence; and this contention is based on the claim that the money taken belonged to the defendant and Mrs. Jordan in common, and that the defendant had the right to take it and use it. There is some warrant in the evidence for this claim, because of the fact that the greater part of the money taken was received by Mrs. Jordan from the sale of hogs and pigs that were cared for, in part, by the defendant. But the greater weight of the evidence is to the effect that the defendant was not the owner of any part of this stock, or of any part of the money derived from its sale. His acts, both before and after his arrest, and his admissions after arrest strongly confirm the testimony of Mrs. Jordan and her son on the question of her ownership. This question was submitted to the jury in instructions that were clear, and that carefully guarded all of the defendant's rights; and we think the evidence sufficient to sustain the verdict, and the judgment is therefore *affirmed.*

2. Same: larceny: evidence.