STATE OF IOWA, Appellee, v. LEE BARRETT, Appellant.

**ABORTION:** Pregnancy—Evidence. Evidence held to present a jury
1  question on the issue of pregnancy.

**ABORTION:** Elements of Offense—Administering Nonabortifacient.
2  The administering of a nonabortifacient on a pregnant woman with
   intent to produce a miscarriage constitutes the crime denounced by
   the statute.

**CRIMINAL LAW:** New Trial—Misconduct of Counsel—Curing Error.
3  Misconduct of the county attorney in repeating improper questions
   is ordinarily cured by the prompt disapproval of the court.

**CRIMINAL LAW:** New Trial—Newly Discovered Evidence. Newly
4  discovered evidence, though material, is not ground for a new trial
   in criminal causes, and especially so when negligence in discovering
   the testimony is made to appear.

*Appeal from Mills District Court.*—EARL PETERS, Judge.

APRIL 1, 1924.

DEFENDANT was convicted in the court below of attempting
to produce an abortion by the administration of a drug. He ap-
peals.—*Affirmed.*

*W. S. Lewis,* for appellant.

*Ben J. Gibson,* Attorney-general, *M. A. O'Brien,* Assistant
Attorney-general, and *C. H. Cook,* County Attorney, for ap-
pellee.

STEVENS, J.—I. Appellant was indicted, tried, and con-
victed in the court below of the crime of attempting to produce
an abortion by the administration of a drug or substance com-
monly known as the fluid extract of cotton-root

1. ABORTION:
pregnancy:
evidence.

bark. Four propositions are stated by counsel
for reversal: (1) That there is no competent
proof that prosecutrix was pregnant, or of a miscarriage; (2)
that there is no proof that the drug or substance administered

was an abortive; (3) that there was misconduct of the county attorney in the cross-examination of one of appellant's witnesses; and (4) that the motion for a new trial should have been sustained, on the ground of newly discovered evidence.

A careful review of the record satisfies us that the verdict of the jury is fully sustained by the evidence. Section 4759 of the Supplemental Supplement, 1915, provides:

"If any person, with intent to produce the miscarriage of any woman, willfully administer to her any drug or substance whatever, or, with such intent, use any instrument or other means whatever, unless such miscarriage shall be necessary to save her life, he shall be imprisoned in the penitentiary for a term not exceeding five years, and be fined in a sum not exceeding one thousand dollars."

Prosecutrix testified to illicit relations with appellant during July and August, 1922, and that she later experienced symptoms common to incipient pregnancy. She was examined by a physician on September 5th. The physician who examined her testified that he found evidence of pregnancy, and that, based upon what he found and the statements of prosecutrix as to the symptoms she discovered, it was his opinion that she was pregnant. He examined her again October 3d, and testified that the anterior lip of her womb was slightly torn, indicating the use of an instrument. Appellant admitted that prosecutrix informed him before September 5th of her condition, and it appears that the examination on that date was in part the result of his solicitation. He at all times, however, denied having had illicit relations with the prosecutrix. Prosecutrix testified that appellant gave her a bottle containing a substance which she took according to his directions, but without any apparent result. The bottle containing some of the contents was examined by a chemist, who testified that in his opinion it was the fluid extract of cotton-root bark. Appellant denied that he procured or furnished any drug or substance to the prosecutrix for the purpose of producing an abortion, or for any other purpose. On September 25th, prosecutrix was taken by appellant, in company with a woman by the name of Renshaw, to the home of the latter, in Council Bluffs, where, the evidence shows, a miscarriage was produced by Mrs. Renshaw. There is conflict in the

evidence as to the extent and purpose of appellant's participation in these matters; but the question was for the jury, and the evidence was ample to justify it in concluding that prosecutrix was taken to Mrs. Renshaw's in pursuance of an arrangement made by him, for the purpose accomplished.

On the question of the character of the drug or substance furnished by appellant to prosecutrix, there is no difficulty. The chemist who examined it and Dr. Coughlin, the physician who examined prosecutrix, both testified that cotton-root bark is scientifically classified as an abortive, although they had never witnessed its operation upon a pregnant woman. Furthermore, it is immaterial, if the intent with which the drug was administered was to produce a miscarriage, whether it had the qualities of an abortive or not. *State v. Fitzgerald,* 49 Iowa 260; *State v. Stafford,* 145 Iowa 285; *State v. Moothart,* 109 Iowa 130.

2. ABORTION: elements of offense: administering non-abortifacient.

II. The county attorney, in the cross-examination of a witness for the defendant, inquired if she was not at the home of Mrs. Renshaw while prosecutrix was there, for the purpose of having an abortion performed on herself. Prompt objection was made to the question, and sustained by the court. The county attorney did not immediately desist, but in another question alluded to a phase of the same matter. Thereupon the court sustained the objection, and sharply admonished counsel to proceed no further on that subject. We think there was misconduct, but that the prompt interposition of counsel, followed by the language of the court in ruling upon the objection, was sufficient to remove any prejudice that might have resulted from the improper examination.

3. CRIMINAL LAW: new trial: misconduct of counsel: curing error.

III. In due time, a motion for a new trial was filed by the defendant, upon the ground, among others, of newly discovered evidence. What is claimed to be newly discovered evidence is set out in the affidavit of appellant. The matters referred to in the affidavit are material, and would have been admissible if offered upon the trial. Newly discovered evidence is not a statutory ground for new trial in criminal cases. *State v. Maupin,* 196 Iowa 904;

4. CRIMINAL LAW: new trial: newly discovered evidence.

*State v. Pavey,* 193 Iowa 985. Furthermore, the affidavit does not show diligence on the part of appellant to discover the facts before the trial. The witness who it is claimed would give material testimony upon a retrial is Mrs. Renshaw, the woman who, we are satisfied, performed the criminal operation upon prosecutrix. The evidence quite conclusively shows that appellant had every opportunity to ascertain all that Mrs. Renshaw knew about the case. The showing made by affidavit is in no event persuasive.

We are satisfied that appellant had a fair trial, and the judgment of the court below is, therefore,—*Affirmed.*

ARTHUR, C. J., PRESTON and VERMILION, JJ., concur.