STATE OF IOWA, Appellee, v. RAYMOND ENDORF, Appellant.

No. 42901.

MAY 14, 1935.

Clifford E. White, for appellant.

Edward L. O'Connor, Attorney-general, and E. F. Kennedy, County Attorney, and George E. Gill, Assistant, Attorneys, for appellee.

ANDERSON, J.—The grand jury of Osceola county returned an indictment against the defendant-appellant charging him with the

crime of larceny from a building in the nighttime under section 13008 of the 1931 Code. The defendant was tried and convicted of the included offense of larceny, was sentenced to the state reformatory for five years, and appeals from such conviction and judgment.

The indictment charges the larceny of many articles of merchandise from the Melvin Mercantile Company. The testimony discloses that a large quantity of merchandise was stolen from the store of the Melvin Mercantile Company in Melvin, Osceola county, Iowa, on the night of October 5 and 6, 1933. Later, many of the items of merchandise so stolen were found in the possession of the defendant. The defendant attempted to explain his possession of the stolen property by testifying that he purchased some of it from one Fred Besgrove and some of it from a merchandise establishment situated in another town. At the time a search of his premises was made by a Mr. Bangert, one of the owners of the stolen merchandise, and the sheriff of Osceola county and the sheriff of O'Brien county, he refused to permit a search of his premises until a search warrant was procured. After the search warrant was procured, many articles of the stolen property were recovered from the premises and the possession of the defendant. Besgrove testified for the state that he had purchased two of the stolen articles from the defendant paying him a nominal price therefor, and he later turned these articles over to the sheriff because, as he and his wife testified, a brother-in-law of the defendant and one Guy Miller had made repeated efforts to obtain the articles which Besgrove had purchased from the defendant, stating at the time that they figured these articles were the worst evidence they had against the defendant. Upon an investigation by the officers at the merchandise establishment in another town at which the defendant claimed to have purchased many of the articles, it was disclosed, and is shown by the record, that no such articles were kept for sale in said store, and that at no time did the defendant purchase the same therefrom. The defendant also testified that he purchased some of the stolen articles from Besgrove and later sold some of them back to him.

An attempt was made to impeach the witness Besgrove, and defendant's testimony in reference to his explanation of the possession of the stolen articles was corroborated to some extent, but upon the whole record a question of fact was presented and this was submitted to the jury under proper instructions and, as we have indicated, the jury found against the contentions of the appellant.

█ The first error assigned and argued by the defendant is that the court erred in overruling defendant's objections as to the value of each article of the alleged stolen merchandise, for the reason that the witness testifying to such values was not qualified to testify in reference thereto. The answer to this contention may be found many times in the record. The witness, who was one of the owners of the merchandise, was asked to state the reasonable market value of each of the stolen articles, and in every instance the question was answered without an objection on the part of the defendant. Later, when the article identified, and upon which the witness had fixed the value, was offered in evidence, the objection was made that it was incompetent, irrelevant, and immaterial, and not properly identified. In some instances, the objection to the introduction of the exhibit included the ground that the witness had not been qualified to testify as to reasonable value; but this was only included in the objections to the introduction of the various exhibits and did not go to the question as to the value of the various articles. We are constrained to hold that the record fairly shows that the witness was qualified even though a proper objection had been made on that ground, and that the testimony fairly established the reasonable market value of the merchandise which was the subject of the larceny.

Another of appellant's contentions is "that the defendant produced enough evidence to raise a reasonable doubt as to his guilt", and, further, the state failed to prove that the crime was committed by the defendant. These were purely questions of fact and were properly submitted to the jury and the defendant cannot complain in this regard.

█ Another of appellant's contentions is that the court erred in not properly defining the included offense of "petty or simple larceny", and that the court erred in instructing the jury that they could find the defendant guilty of larceny in the daytime as distinguished from larceny from a building in the nighttime, and that there was prejudicial and reversible error in submitting the charge of larceny as an included offense. The court properly defined the crime of larceny as well as the crime of larceny from a building in the nighttime, and in instruction No. 5½, of which the appellant complains, the court properly defined what was meant by larceny from a building in the nighttime, and further instructed that if the jury entertained a reasonable doubt as to the defendant's guilt of

the crime of larceny from a building in the nighttime, but entertained no reasonable doubt as to the fact that the defendant committed a larceny, then they should find him guilty of larceny only. We can find no error in the court's instructions in regard to the matters complained of. The appellant cites as authority for the proposition that simple larceny is not an included offense under the charge of larceny from a building in the nighttime, State v. Henderson, 239 N. W. 588. The opinion in the case referred to was filed December 16, 1931. It was withdrawn in March, 1932, and in June, 1932, an opinion was filed affirming a conviction of the crime of larceny from a building in the nighttime; the latter opinion being reported in 215 Iowa at page 276, 243 N. W. 289. We have repeatedly held that larceny is an included offense under a charge of larceny from a building in the nighttime under section 13008 of the 1931 Code, and also larceny from a building in the daytime under section 13009. Larceny is defined by section 13005, and the punishment provided therefor in sections 13006 and 13007. We have held that these three sections, that is, sections 13005, 13008, and 13009, do not relate to separate and distinct offenses, but to one only, that is, the crime of larceny. The first of these sections defines the crime of larceny, and the punishment is prescribed in the succeeding sections 13006 and 13007 when there are no circumstances of special aggravation, and the other two sections, 13008 and 13009, merely point out certain circumstances which are an aggravation of the offense, but the crime denounced in all three sections is that of larceny. The facts as to the value of the goods and the time and place of the commission of the offense affect only the degree of punishment. State v. Elsham, 70 Iowa 531, 31 N. W. 66; State v. Murray, 55 Iowa 530, 8 N. W. 350; State v. Nordman, 101 Iowa 446, 70 N. W. 621; State v. Haywood, 155 Iowa 466, 136 N. W. 514.

The appellant's last contention is that the court erred in not sustaining defendant's motion for a new trial on the ground of newly discovered evidence. Affidavits are attached to the motion for a new trial to the effect that the affiants would testify that the witness Besgrove offered to sell the affiants certain so-called "hot" merchandise soon after the commission of the larceny which is the subject-matter of this case. Such testimony would have been material upon the trial only as additional or corroborating testimony on the question of the impeachment of the witness Besgrove. It

would not in any way tend to connect the witness with the commission of the crime, but might have been considered on the question of his credibility. We have held that the granting of a new trial on newly discovered evidence rests largely in the sound discretion of the trial court, and that unless an abuse of such discretion is shown we will not reverse on that ground. Newly discovered evidence is not a statutory ground for a new trial in a criminal case, and the recognition of such ground in a criminal case is discretionary with the trial court. State v. Pell, 140 Iowa 655, 119 N. W. 154; State v. Maupin, 196 Iowa 904, 192 N. W. 828, 195 N. W. 517; State v. Pavey, 193 Iowa 985, 188 N. W. 593; State v. Barrett, 197 Iowa 769, 198 N. W. 36; State v. Howard, 191 Iowa 728, 183 N. W. 482; State v. Friend, 210 Iowa 980, 230 N. W. 425.

██ The court omitted to include in its instructions a definition of the crime of larceny from a building in the daytime, which was also an included offense, but for this omission the appellant cannot complain, as the punishment for such crime is slightly greater than for that of the crime of simple larceny. The court submitted a special interrogatory which the jury were required to answer in the event they found the defendant guilty of the crime charged or of the included offense, and in this interrogatory the jury were required to fix the value of the merchandise stolen. As we have indicated, the jury found the defendant guilty of the included offense of larceny, and in answer to such interrogatory fixed the market value of the goods at the time and place they were stolen at $28.35. So far as we have been able to discover by a careful examination and consideration of the record, the defendant had a fair trial and no grounds for reversal appear. The motion for a new trial was properly overruled. It follows that the judgment of the court below must be, and it is affirmed.—Affirmed.

PARSONS, RICHARDS, HAMILTON, KINTZINGER, POWERS, DONEGAN, and MITCHELL, JJ., concur.