*Municipal Court of the City of Boston*
No. 102489
**KATY I. MARTIN**
v.
**AMERICAN EQUITABLE ASSURANCE CO.
OF NEW YORK**
(April 10—May 4, 1964)

*Present*: Adlow, C. J., Gillen & Lewiton, JJ.
Case tried to *Gorrasi, Sp. J.*

*Adlow, C. J.* Action of contract to recover for a loss of baggage under a policy of insurance which purported to cover losses by theft or "mysterious disappearance". It was agreed that the property lost was valued at $568.15.

The plaintiff checked her baggage with Pan-American World Airways, Inc., at San Juan, Puerto Rico to be delivered in Boston, Massachusetts. When she arrived at her destination she failed to receive her baggage. It was stipulated by the parties that the baggage was never located despite reasonable efforts to recover same. In this action she makes

claim under her policy of insurance which provides coverage for loss due to theft or "mysterious disappearance". The policy was put in evidence. Under the section pertinent to the issue raised by this report and entitled *Extended Theft Coverage,* it is provided that for an additional premium of $24.00 the contract is amended to read:

1. Inclusion of Mysterious Disappearance . . . "Theft, meaning any act of stealing or attempt thereat, or mysterious disappearance".

At the close of the evidence the defendant requested the court to rule that "the insurance policy did not insure the plaintiff against the non-delivery of her property by a public carrier in whose custody the plaintiff had placed it." The court declined to so rule and found for the plaintiff. Being aggrieved by the ruling the defendant brings this report.

■ It has been urged by the defendant that to warrant a recovery on the basis of a "mysterious disappearance" it is incumbent on the assured to produce evidence other than the fact of loss to raise the inference of a theft. We do not agree. Evidence that would warrant a finding that a theft was committed would certainly be of a more formidable and convincing character than evidence which met the requirements of a "mysterious disappearance". The benefit conferred by the "Extended Theft Coverage" for which the plaintiff paid an additional $24.00 did not go to enlarge the scope of the policy's cover-

age, but to relieve the plaintiff of the burden of proving that a theft was committed. There is nothing mysterious about a disappearance for which such proof is available. In the absence of the mysterious disappearance provision in the contract, the burden of proving the theft would be on the plaintiff. The sole benefit conferred by the inclusion of the mysterious disappearance clause is to create a presumption in favor of the assured.

Keeping in mind that the manner in which things disappear is a matter of surmise and conjecture, and often difficult to explain, we can well understand why one would prefer to pay an additional premium to be relieved of the burden of proving by a preponderance of the evidence that his loss was due to a theft. A theft that is capable of proof can hardly be considered a mysterious disappearance. This does not preclude the right of the insurer to disprove the claim by proving that the loss was due to something other than theft.

Actually, the manner in which baggage is handled under modern transportation conditions is such as to make unlikely the possibilities of loss for causes other than theft. We must keep in mind that one who finds things of value that are lost is under a legal duty to report same to the police, G. L. c. 134, §1, and can be prosecuted for larceny if he fails to do so. *C. v. Mason*, 105 Mass. 163; *C. v. Titus*, 116 Mass. 42; *Felton v. Gregory*, 130 Mass. 176.

Where misdeliveries occur, the party who

mistakingly receives the goods will report the same to the carrier as soon as he discovers the mistake, in which case the goods will be restored to the owner. In those cases where they fall into the hands of dishonest receivers, the loss in the legal sense becomes the result of theft. Aside from the contingency resulting from misdelivery, there is the chance that the property is lost or damaged by mishap to the vehicle of the carrier. In the latter case there is no "mysterious disappearance" and the application of the clause is not in issue.

It is to be regretted that there is no authoritative decision in this jurisdiction to guide us. However, the plain import of the language used by the insurer points clearly to the result reached by us.

The language of the policy is to be construed most strongly against the insurer. *Koshland v. Columbia Ins. Co.,* 237 Mass. 467, 471. See also: *Levine v. Accident and Casualty Insurance Co.,* 112 N.Y.S. 2d 397.

*Report dismissed.*

John D. Malone, of Lynn, for the Plaintiff.
Joseph J. Monaghan, of Boston, for the Defendant.