*Northern District*

No. 6692.

## NORMAN WEBBER

v.

## AMERICAN POLICYHOLDERS' INSURANCE COMPANY

Argued: Feb. 28, 1968   Decided: March 10, 1968

*Present:* Brooks, P. J., Yesley, Durkin, J. J.

Case tried to *Troy, J. W.* in the Municipal Court of the Dorchester District, No. 22070.

*Yesley, J.* *In this action of contract* the plaintiff seeks to recover for the loss of his baggage while on a journey by Greyhound bus from Detroit to Boston, under a so-called Homeowners' policy issued to the plaintiff by the defendant, a copy of which was attached to the report. The defendant answered by way of general denial.

*The plaintiff testified that* before boarding the bus for Boston he observed his bag being placed in the baggage compartment thereof, that several stops were made en route, that

upon arrival at Boston he presented his baggage check but his bag was missing, that he noticed that the baggage compartment had been "tampered with", and heard the driver of the bus say, "This looks like the lock has been tampered with in the luggage compartment."

The plaintiff claims under the coverage of loss by theft of personal property while elsewhere than on the premises[1] (paragraph 2 of COVERAGE C). The defendant contends that the loss was due to "a mysterious disappearance", a risk not insured against, rather than to theft.

"Theft" is defined in the policy as "any act of stealing or attempt thereat". The policy limit on the defendant's liability for theft of property away from the premises is stated to be "an additional amount of insurance equal to 10% of the amount specified in Schedule C, but in no event less than $1000.". It was conceded by the plaintiff at the argument before this Division that the limit of the defendant's liability under this provision was $1000.00. There was, however, a finding for the plaintiff in the amount of $1542.40.

At the request of the defendant the trial justice reported his denial of defendant's requests for rulings numbered 4, 6 and 10. Defendant waived its claim of error in the denial of request number 4. The requests remaining in contention read as follows:

---

[1] The premises are described in the policy as 1111 Blue Hill Avenue, Apt. 4, Dorchester, Massachusetts.

6. Upon the facts and credible evidence, the Court is warranted in finding that the plaintiff has proven only a mysterious disappearance.

10. Upon the law and the facts and credible evidence presented to this Court, the Court is warranted in finding that the plaintiff has not sustained the burden of proof and is warranted in finding for the defendant.

The thrust of number 6, as in the case of number 10, is that the evidence warranted a finding for the defendant, for a finding of a "mysterious disappearance" would require a finding for defendant since that phenomenon falls short of proof of theft. See *Martin* v. *American Equitable Assurance Co. of New York,* 28 Mass. App. Dec. 162.

■ ■ ■ The plaintiff in his brief states the issue to be whether the evidence was sufficient to prove a breach of contract, namely, a failure by the defendant to meet its obligation under the policy. We do not agree. The issue is whether the trial justice erred in declining to rule that the evidence *warranted* a finding for the defendant. We hold that he did. As stated by the court in *Hoffman* v. *Chelsea,* 315 Mass. 54, 55:

"The evidence warranted a finding for the defendant. The judge could have disbelieved the evidence essential to support a finding for the plaintiff. There was no

evidence binding on the defendant that required a finding for the plaintiff.''

The trial justice was not required to believe the plaintiff's oral evidence even though uncontradicted. *Perry* v. *Hanover,* 314 Mass. 167, 170. *Daniel* v. *Jardin,* 320 Mass. 764.

Rarely can a judge rule on oral evidence that the finding must be for the party having the burden of proof. See *Owen* v. *Williams,* 322 Mass. 356, 361.

These requests, therefore, should have been granted. By their terms they could have been granted without requiring the trial justice to find for the defendant. There remains to decide whether the denial thereof constituted prejudicial error. See G.L. c. 231, § 108.

The purpose of requests for rulings is to test whether the judge "adopt[ed] correct rules of law for his guidance and [has found] the facts as guided by these rules.'' *Perry* v. *Hanover,* supra at p. 173; see also *Stella* v. *Curtis,* 348 Mass. 458, 461. The manner in which the trial justice handled these requests makes it unclear whether in finding for the plaintiff he did so under the impression that he could not have found for the defendant. "Failure to give such [rulings] on request is equivalent to, and implies, a ruling that as matter of law such a finding cannot be made. A decision against that party will be deemed on appeal the result of such ruling[s] of law, and not the result of a consideration of the ques-

tion of fact, unless the contrary is demonstrated by specific findings of fact. . .''. *Rummel* v. *Peters*, 314 Mass. 504, 517. No special findings were made here and under the circumstances we cannot say that the judge's error in disposing of these requests was free from prejudice. *Hoffman* v. *Chelsea*, supra at pp. 55, 56. **The case is remanded for a new trial.**

AMERICO L. FERULLO,
    for the plaintiff.
JOHN W. BUNKER,
    for the defendant