STATE OF MINNESOTA *vs.* JOHN WILES.

March 1, 1880.

Larceny—Former Conviction.—A conviction for simple larceny of a hat (of the value of four dollars) is a bar to an indictment for larceny of the same from a shop, the stealing in both cases being one and the same.

The demurrer of the state to the defendant's plea of a former conviction of the same offence charged in the indictment was sustained, and the plea overruled, by the district court for Freeborn county, *Page,* J., presiding, who, at defendant's request, reported the case to this court, pursuant to Gen. St. 1878, c. 117, § 11.

. *John A. Lovely,* for the State.

*O. Mosness,* for defendant.

BERRY, J.    The defendant was indicted in the district court for Freeborn county, for stealing a hat, (of the value of four dollars,) in a shop. . His plea was that he had been duly convicted of the same offence by the city justice of the city of Albert Lea, in. that he had been so convicted of simple stealing of the hat, though not of stealing the same in a shop. For the purposes of this case, it is sufficiently accurate to say that the criminal jurisdiction of the city justice of Albert Lea is the same as that of a justice of the peace.    Simple larceny of property not exceeding $20 in value, · is a misdemeanor, punishable by imprisonment in the county jail not more than three months, or by fine not exceeding $100.    Gen. St. 1878, c. 95, § 25.

Larceny in a shop is a felony, punishable by imprisonment in the state prison not more than three years nor less than one year, or by imprisonment in the· county jail not more than one year nor less than three months, or by fine not exceeding $500.    Id. § 23.

These references make it apparent that, in contemplation of the statute, larceny in a shop (which is a species of compound

larceny) is a higher offence than simple larceny of property not exceeding $20 in value. The question for us is, whether conviction for the latter is a bar to an indictment for the former, the stealing in both cases being one and the same?

In Gen. St. 1878, c. 114, § 19, it is provided that "upon an indictment for an offence consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto; upon an indictment for any offence, the jury may find the defendant not guilty of the commission thereof, and guilty of an attempt to commit the same; upon an indictment for murder, if the jury find the defendant not guilty thereof, they may, upon the same indictment, find the defendant guilty of manslaughter in any degree. In all other cases, the defendant may be found guilty of any offence, the commission of which is necessarily included in that with which he is charged in the indictment." Under the latter provision of this section, a person indicted for larceny in a shop can properly be convicted of simple larceny, the commission of simple larceny being necessarily included in compound larceny from a shop. *State* v. *Owens*, 22 Minn. 238; *State* v. *Vadnais*, 21 Minn. 382; *State* v. *Eno*, 8 Minn. 190 (220;) and see, also, Gen. St. 1878, c. 91, § 11.

The constitution of this state provides that "no person for the same offence shall be put twice in jeopardy of punishment." Art. 1, § 7.

The offence of simple larceny, being included in the offence of compound larceny from a shop, if, after having been convicted of simple larceny, a person can be convicted of compound larceny from a shop, the act of stealing being the same in both cases, the result is that he is twice put in jeopardy for the simple larceny. If, after having once been punished for the simple larceny, he is again punished for a compound larceny, in which the simple larceny is included and of which it is a necessary ingredient, then he is twice punished for the simple larceny—once, upon his conviction of simple

larceny alone, and a second time, upon his conviction of the same simple larceny as a part of a compound larceny. This double conviction and punishment are forbidden by the constitution.

As to the proposition involved in this conclusion, the authorities are irreconcilable, but we think it is supported by the weight of authority and the better reason. *Regina* v. *Elrington*, 9 Cox Cr. Cases, 86; *Com.* v. *Curtis*, 11 Pick. 134. And see *Com.* v. *Cunningham*, 13 Mass. 245; *State* v. *Lewis*, 2 Hawks, (N. C.) 98; *State* v. *Shepard*, 7 Conn. 54; *State* v. *Chaffin*, 2 Swan, (Tenn.) 493; 1 Bishop Cr. Law, §§ 885–889, *et seq.*; 1 Bennett & Heard Lead. Cr. Cases, (2d Ed.) 538, where the following rule of law is laid down, viz.: "A former conviction or acquittal of a minor offence is a bar to a prosecution for the same act, charged as a higher crime, whenever the defendant, on trial of the latter, might be legally convicted of the former, had there been no other prosecution." In 1 Wharton Am. Cr. Law, § 563, the statement is that "if, on a trial of the major offence, there can be a conviction of the minor, then a former conviction or acquittal of the minor will bar the major." These authorities all proceed upon the basis that a second conviction, after such former conviction, is a putting in jeopardy twice for the same offence. The authorities, however, do not hold, and we are not to be understood as holding, that a former conviction of a minor offence, obtained by fraud and collusion, for the very purpose of preventing a conviction of a major offence, will bar a second prosecution for the latter.

Our answer, then, to the question certified, is that the conviction of simple larceny before the city justice of Albert Lea is a bar to a prosecution for the compound larceny charged in the indictment.