## THE STATE v. MURRAY.

1. **Criminal Law**: LARCENY: FORMER CONVICTION. There are no degrees in the statutory crime of larceny, the intent in all cases being the same, and the subdivision into grand and petit larceny, based on the value of the property stolen, being only for the purpose of determining the punishment; a conviction for petit larceny is a bar to a subsequent prosecution for grand larceny on the same facts.

*Appeal from Iowa District Court.*

THURSDAY, MARCH 24.

THE defendant was indicted for the crime of larceny in stealing an overcoat of the alleged value of thirty-five dollars. He pleaded he had been convicted for the larceny of the same overcoat before a justice of the peace, and punished therefor.

To this plea the State demurred, on the grounds: *First,*

that the former conviction being for a minor offense cannot be pleaded in bar of the offense charged in the indictment: *Second*, that the offense charged in the indictment is a felony and punished by imprisonment in the penitentiary, when the former, the conviction for which is pleaded in bar, is a simple misdemeanor and punished by imprisonment in the county jail, or by fine only, and cannot be here pleaded. The demurrer was overruled and the State appeals.

*J. F. McJunkin, Attorney General,* and *M. P. Smith, District Attorney,* for the State.

No appearance for appellee.

SEEVERS, J. The Attorney General does not claim that a person may be punished twice for the same offense, but he insists there are degrees in larceny, and that a conviction for the lower will not bar the higher. That the former cannot include the latter, but that the latter does include the former, and *The State v. Foster,* 33 Iowa, 525, is relied on. All that was held in that case was, when an offense consists of different degrees, a conviction for the lesser will not bar a prosecution for the greater. We have no occasion to either affirm or overrule that case.

It is also insisted the question now before us was determined in favor of the State in *The State v. Wood,* 46 Iowa, 116. This is a mistake. The point determined in that case was that on the trial of an indictment for larceny an instruction that the value of the property should be determined by a fair preponderance of the evidence, instead of beyond a reasonable doubt, was erroneous. We adhere to that ruling.

In discussing the question then before the court, language was used from which the inference is drawn that it was held there were degrees in larceny. In one sense this is correct, in another not. So far as the extent of the punishment is concerned it was not inaccurate to say there were degrees in larceny. That is, grand larceny is a felony and petit lar-

ceny a misdemeanor, and the commission of either is punished accordingly. The value of the property stolen alone determines whether the offense is grand or petit larceny, but this cannot make the offense of a higher or lower degree, in the sense that a person convicted of the former can be again prosecuted for the same larceny.

The constituents of larceny are the same, whatever may be the value of the property stolen. There must be a felonious taking, and this must exist to the same extent or degree in both grand and petit larceny. There cannot, therefore, it seems to us, be a higher and lower degree of crime or criminal intent included in or grow out of the same thing where the essentials of the crime are the same. Conceding there may be a conviction for an assault and battery and another for the same transaction if it be charged the assault was made with intent to commit murder, it does not follow this is true as to larceny. Where it is charged a crime has been committed with a certain intent this is an essential ingredient that grades the crime. The intent with which the thing is done makes the crime of a lower or higher degree. Not so with larceny, as the intent is the same in all cases. That is, there must, as we have said, be a felonious taking.

In the case at bar a conviction was obtained for stealing the overcoat mentioned in the indictment. The value thereof was in issue, and it should be conclusively presumed the State was unable on the trial before the justice of the peace to prove it was of greater value than twenty dollars. It was the duty of the justice of the peace, if the evidence had established a greater value than twenty dollars, to have discharged the jury and held the defendant to answer to the offense of grand larceny. Code § 4430. The State now proposes to re-try the question of the value of the overcoat. In other words, because of a failure to introduce all the evidence there was, or for some other reason, the State seeks to put the defendant again on trial and again punish him. This, we think, cannot be done.

AFFIRMED.