The State v. Gleason.

AFFIRMED.

## THE STATE v. GLEASON.

1. **Criminal Law**: LARCENY: FORMER CONVICTION. A conviction for petit larceny before a justice of the peace is a bar to a subsequent prosecution on indictment for larceny from the person, based on the same act.

*Appeal from Polk District Court.*

THURSDAY, JUNE 9.

INDICTMENT charging that the defendant one silver half dollar and three silver ten cent pieces, * * * of the aggregate value of eighty cents, and one pocketbook of the value of one dollar, * * * of the goods and chattels of Mrs. E. E. Updyke, from the person of said Mrs. E. E. Updyke unlawfully and feloniously did steal, take, and carry away. The defendant pleaded not guilty, and a former conviction for the same offense before a justice of the peace. To the latter the State demurred, which was sustained, and there was a trial before a jury on the issue of not guilty.

There was a verdict of guilty and judgment sentencing the defendant to imprisonment in the penitentiary for one year, and he appeals.

*M. D. McHenry*, for the appellant.   ·

*Smith McPherson, Attorney General*, for the State.

SEEVERS, J.   The defendant pleaded a former conviction, as follows: " That as to the alleged stealing of the money and in this indictment charged against him, he was on —— day of September, 1880, charged by information on · oath in due form before John A. Jones, a justice of the peace for Polk county, Iowa, and being arrested plead to said charge, and the said cause coming on for trial before said justice a judgment of conviction was rendered against this defendant by said justice, and he was ordered by said judgment to pay a fine of twenty dollars and costs, thirteen dollars of which fine and cost s he then and there paid and was discharged.   And the defendant says that the said charge was and is the same charge of stealing which is preferred against him in the indictment, and he is the same person who was prosecuted and fined as aforesaid before the said Jones.

And the defendant further says that the prosecution before the justice of the peace was not procured by him, was not in any wise fraudulent or collusive, and that he was arrested, charged and fined at the instance of prosecutors who were and are in nowise in his interest, and this he is ready· to verify. The defendant brings now here into court attached hereto the said information which charged " that the defendant did feloniously steal, take and carry away of the property of Mrs. E. E. Updyke, money to the amount of eighty cents in silver, one pocket-book of the value of three dollars."

To the foregoing plea of former conviction the State demurred on the following grounds:

1. The indictment charges larceny from the person and defendant was charged and convicted of petit larceny.

2. The offense charged is not the offense for which defendant was convicted.

3. The justice had no jurisdiction of the offense charged in the indictment and could not convict him thereof.

The defendant was charged and convicted before the justice with the crime of petit larceny, which is a misdemeanor punishable by fine or imprisonment in the county jail. The indictment charges larceny from the person, which is a felony. The statute defining the crime is as follows: "If any person commit the crime of larceny by stealing from any building on fire, or by stealing any property removed in consequence of an alarm caused by fire, or by stealing from the person of another, he shall be punished by imprisonment in the penitentiary not exceeding fifteen years." Code § 3905.

In the *State v. Foster*, 33 Iowa, 525, it was held that a conviction before a justice of the peace on a charge of assault and battery was not a bar to an indictment for assault with intent to commit a great bodily injury, based on the same transaction. The correctness of this decision cannot, we think, be successfully denied, because the person charged was not tried before the justice for the intent with which the assault was committed. The intent originated with and was the act of the defendant. He alone was responsible therefor. The intent graded the crime, or rather because of it there were two crimes.

So in robbery. For there must be force and violence or putting in fear. Therefore it may be said a conviction for the larceny would not bar an indictment for the robbery because the person charged had not been punished for the whole thing—crime or crimes committed. This is true also as to a breaking with intent to commit larceny, when the offender has been acquitted or convicted of the larceny only.

Now in. the case at bar it was not essential in order there should be a conviction under the indictment that an assault should be established. It is, however, difficult to see how there could be a larceny from the person without a technical assault. We apprehend, however, if a person should be sleeping on the ground, with a hat lying loosely over his face,

the crime would be complete if another should steal and carry away the hat without disturbing the sleeper. Other cases of a like character might be suggested. The intent is and must be the same if the larceny be by stealing from the person or from a house or other place. The intent is the same in grand and petit larceny. *The State v. Murray*, 55 Iowa, 530. Stealing from the person is larceny and nothing more—it is so designated in the statute. For the larceny the defendant was tried and convicted by the justice of the peace.

Suppose a person rightfully enters a building on fire and feloniously steals and carries away property and is charged and convicted with the larceny, should he be again punished because the building was on fire, or if punished for stealing goods removed in consequence of a fire, should he be again punished for the same thing.

In Minnesota there is a statute making it a felony if larceny is committed by stealing from a shop. In the *State v. Wiles*, (Minn.) 4 N. W. Rep., 615, the defendant was indicted under the statute aforesaid for stealing a hat from a shop. The defendant pleaded a former conviction for the same larceny before a justice of the peace. It was held this was a bar and he could not be again prosecuted.

In this case the only intent on the part of the defendant was to commit larceny, and as he had been punished for all that he did or intended to do, it was held he could not be again punished for the same offense.

The statute creates the offense and declares the punishment. The defendant committed the offense and the State in the first instance failed to charge or allege a fact which would if established have increased the punishment. But such fact was not caused by anything done by the defendant. The extent of the punishment cannot, we think, grade the crime or create two offenses, so that the defendant can be twice punished for the same transaction. Before this can be done the defendant must have done something with an intent for

which he has not been punished, or because of the act done, it can be said two offenses were embraced therein.

Beyond doubt, we think, if the defendant had been acquitted when tried before the justice, this should be a bar to another prosecution for stealing from the person, because if he was not guilty of larceny he could not be of stealing from the person. The defendant, therefore, could not be convicted in this case unless the State established the larceny, and for this he has been punished. The demurrer should have been overruled.

REVERSED.