# Powell *v*. The State.

*Indictment for Grand Larceny.*

1. *Rulings on demurrer*, shown only by bill of exceptions, can not be considered on error or appeal.

2. *Former conviction of misdemeanor, as bar to prosecution for felony.* A conviction of petit larceny, in the Recorder's court of the city of Montgomery, being declared by the charter "a bar to a prosecution for such offense before a State court" (Sess. Acts 1883-89, pp. 526-7), the bar is complete though the offense be charged in the indictment as a felony (Code, § 3789), unless the former conviction was procured by the defendant himself, or by collusion in his interest.

FROM the City Court of Montgomery.

Tried before the Hon. THOMAS M. ARRINGTON.

The indictment in this case charged, that the defendant, "Lee Powell, *alias* Willie Jones, feloniously took and carried away from a dwelling-house one dolman, or cloak, of the value of $6.50, the personal property of Sarah Skinner." The judgment-entry only recites that the defendant, "being duly arraigned, pleaded not guilty;" but a plea of former conviction is copied into the transcript, and a replication thereto; and the bill of exceptions states that the defendant pleaded a former conviction, " as shown by the plea on file, and after demurrer to said plea had been overruled, the State filed a replication thereto, on which issue being joined," &c. The plea alleged a prosecution before the Recorder's court of the city of Montgomery, in December, 1889, for the larceny of the same dolman, from the same person, and at the same time as charged in the indictment; a conviction, and fine of $100 imposed, which, not being presently paid or secured, was followed by a sentence to hard labor for one hundred days. The replication alleged that the Recorder's judgment was void for want of jurisdiction, because the evidence adduced before him showed that the larceny was a felony, being committed in a dwelling-house, and that it was therefore his duty to bind the defendant over to the City Court to answer an indictment, as required by the charter of the city of Montgomery. On the trial of the issue joined on the replication, as the bill of exceptions shows, the defendant proved his prosecution, conviction and sentence in the

Recorder's court, as alleged in his plea, and that he had worked out his sentence at hard labor; and the State adduced evidence showing that the larceny was committed in a dwelling-house, as alleged in the indictment, and that the "undisputed evidence before the Recorder had shown that fact."

The State read in evidence, also, the provisions in the charter of the city of Montgomery giving the Recorder, or alderman acting in his stead, "original and concurrent jurisdiction of all misdemeanors committed within said city, or within the police jurisdiction thereof, against the laws of this State, and whenever any offense against the by-laws or ordinances of the city is a misdemeanor against the laws of the State;" and further: "In all cases where a person is convicted or acquitted before the Recorder, or acting recorder, of an offense which is a misdemeanor under the laws of the State, such conviction or acquittal shall be a bar to a prosecution of such person for such offense before any State court; and in all cases where persons are brought before the Recorder, or acting recorder, on a charge which is made a felony by the laws of the State, it shall be the duty of the Recorder, or acting recorder, if, on investigation of the charge, there is reasonable cause to believe that a felony has been committed, and that the defendant is guilty thereof, to bind such defendant over to appear before the City Court of Montgomery, and to proceed in all respects in such cases as justices of the peace are required to proceed."

The court charged the jury, at the instance of the solicitor, that they must find the issue joined on the replication in favor of the State, if they believed the evidence; to which charge the defendant excepted.

JOHN G. FINLEY, for appellant, cited *Moore v. State*, 71 Ala. 307.

TENNENT LOMAX, for the Attorney-General.—The Recorder's judgment was void for want of jurisdiction—was a mere nullity, and can not bar a subsequent prosecution for the felony.—Sess. Acts 1888-9, pp. 526-7; *Nicholson v. State*, 72 Ala. 176; *Lynch v. State*, at present term; *Ex parte Brown*, 12 Crim. Law Magazine, 279.

STONE, C. J.—It is probable that the defense of former conviction, filed in this case, was defective. It neither averred the Recorder had jurisdiction of the case, nor its

equivalent, that the offense was committed within the police jurisdiction of the city of Montgomery. The bill of exceptions states that a demurrer to this plea was overruled; but, there being no notice of this ruling in the judgment pronounced by the court, we can not consider it. Rulings on pleadings can not be reviewed, if presented only in the bill of exceptions.—1 Brick. Dig. 78, § 7.

It is difficult, if not impossible, to distinguish the question in this case from that which arose in *Moore v. State*, 71 Ala. 307. In that case, a similar defense was held good, in a well-considered opinion, fortified by a strong array of authorities. The larceny charged in this case, and the subject of it—a lady's dolman, or wrap—was the same in each prosecution. The theft, which was the main ground of conviction before the Recorder, is the identical crime charged in this case. For that crime, the defendant has been convicted and punished. Can he be again convicted and punished for that crime, merely because it was attended by an aggravating circumstance, pretermitted or disregarded in that trial, but insisted on in this? The aggravation is not itself a crime, but, standing alone, is inoffensive. The larceny is the criminal act in each case, the place of its commission determining only the degree of the crime. Considered in its lesser degree, it was within the Recorder's jurisdiction, and a conviction before him is a bar to further prosecution for the same offense before the Circuit or City Court. Sess. Acts 1888-9, pp. 526-7.

The authorities on the question before us are in conflict, but we adhere to the doctrine declared in *Moore v. State, supra*.

If the prosecution before the Recorder had been procured by the prisoner, or if it was collusive, the rule would be different.—*Murphy v. State*, 67 Ala. 31; *Nicholson v. State*, 72 Ala. 176.

Reversed, and prisoner discharged.