## FLOYD *v.* STATE.

### Opinion delivered July 23, 1906.

1. CRIMINAL LAW—FORMER JEOPARDY.—Under the general rule that an acquittal or conviction for a minor offense included in a greater will bar a prosecution for the greater if on an indictment for the greater the defendant could be convicted of the less, a plea to an indictment for robbery that, prior to the finding of the indictment in the case, defendants had been convicted before a justice of the peace of petit larceny and fined for the same act complained of in the indictment states a good defense. (Page 96.)

2. SAME—EFFECT OF GRANTING NEW TRIAL.—It was no defense to an indictment that defendant had been convicted under a former indictment for the same offense, which conviction was afterwards set aside on motion of defendants and a *nol. pros.* entered by the prosecuting attorney, whereupon a new indictment was returned. (Page 96.)

3. ROBBERY—ALLEGATION OF UNKNOWN OWNERSHIP.—Where an indict-
ment for robbery alleged that the robbery was committed upon a
person whose name was unknown to the grand jury, it was necessary
that the State should prove this allegation. (Page 97.)

Appeal from Phillips Circuit Court; *Hance N. Hutton,*
Judge; reversed.

STATEMENT BY THE COURT.

The defendants, Henry Floyd and Isaiah Bogan, two
negroes, were indicted by the grand jury of Phillips County for
the crime of robbery. The indictment alleged that the robbery
was committed on a person whose name was unknown to the
grand jury, and that the defendants forcibly and feloniously took
from such person $42 of "gold, silver and paper money, currency
of the United States." The defendants entered pleas of former
conviction and not guilty. A demurrer was sustained to the
pleas of former conviction, and they were tried on pleas of not
guilty. They were convicted of robbery, and sentenced to be
imprisoned for the term of five years in the penitentiary. De-
fendants appealed.

*W. G. Dinning,* for appellant.

1. The court erred in sustaining a demurrer to the defend-
ant's plea of former conviction in a   justice of the peace court.
Kirby's Digest, § 2299; 42 Ark. 270; 89 Ala. 172; 53 Ark. 24;
24 Am. & Eng. Enc. Law, 992; 70 Ark. 163; 33 Ark. 561; 49
Ark. 147; 72 Ark. 530.

2. If an indictment is valid, and is dismissed without de-
fendant's consent after jeopardy has attached, he can not again
be prosecuted for the same offense. 17 Am. & Eng. Enc Law
(2 Ed.), 590; 14 Cent. Dig. 978; *Ib.* 979.

3. An indictment alleging the larceny of gold. silver and
paper money, currency of the United States, of the value of
$42 is not supported by proof of the taking of $42 in money,
without further proving the kind of money, and that it was cur-
rency of the United States. 60 Ark. 141; 62 Ark. 538; 71 Ark.
417. And the same degree of exactness of description is re-
quired in an indictment for robbery as for larceny. 18 Enc. of

Pl. & Pr. 1221; 25 Ind. 403; 13 Ind. 70; 1 Ohio St. 422; 9 Tex. App. 147.

*Robert L. Rogers, Attorney General,* and *G. W. Hendricks.* for appellee.

Riddick, J., (after stating the facts.) This is an appeal by Henry Floyd and Isaiah Bogan from a judgment convicting them of robbery and sentencing them to imprisonment in the penitentiary for a term of five years.

The first question presented arises on the plea of former conviction filed by the defendants. This plea set up that they had, prior to the finding of the indictment in this case, been convicted before a justice of the peace for the crime of petit larceny, and fined $10 each for the same act complained of in this indict-ment. The State demurred to their plea of former conviction, and the court sustained the demurrer.

It is well settled that an acquittal or conviction for a minor offense included in a greater will bar a prosecution for the greater, if on an indictment for the greater the defendant could be convicted of the less. *State* v. *Smith,* 53 Ark. 24; *Southworth* v. *State,* 42 Ark. 270; *Powell* v. *State,* 89 Ala. 172; *People* v. *Defoor,* 100 Cal. 150; *Morey* v. *Commonwealth,* 108 Mass. 433; 17 Am. & Eng. Enc. Law (2 Ed.), 599.

Tested by this rule, the plea of former conviction set up in this case was good. A conviction of a lower offense, fraudulently procured by the defendant for the purpose of shielding himself against a prosecution for a higher offense, would, of course, constitute no valid defense. *Bradley* v. *State,* 32 Ark. 722. But there is no charge of fraud or collusion in this case, for the question arises on a demurrer to the plea of defendant, and the only question is whether a former conviction for petit larceny will bar a prosecution for robbery founded on the same act. As a charge of robbery includes larceny, and as these defendants under the indictment in this case can be convicted of petit larceny, the same crime as that for which they have already been convicted, it follows that a trial on this indictment would be a trial for the offense for which they have already suffered punishment. They can not be convicted of robbery without proof of larceny, for there can be no robbery without larceny. But they have already

been convicted of larceny and punished, and can not be convicted of that crime again. It follows, therefore, that they can not be convicted of robbery, for a conviction of robbery would be a conviction of larceny also. *Keeton* v. *State,* 70 Ark. 163; *Bowlin* v. *State,* 72 Ark. 530.

The court, therefore, in our opinion, erred in sustaining the demurrer to the plea of former conviction before a justice of the peace; for, if the allegations thereof are true, defendants have a good defense against the indictment for robbery.

The demurrer was properly sustained to the other plea of former conviction. This plea was based on the fact that these defendants had been convicted on a former indictment for the same offense, which conviction was afterwards set aside on motion of the defendants, a *nol. pros.* entered by the prosecuting attorney, and a new indictment returned against defendants. The judgment of conviction on the first indictment being set aside on motion of defendants, the case stood as if there had been no trial or conviction, and the entry of the *nol. prosequi* did not bar a subsequent prosecution for the same offense. Kirby's Digest, § 2424; 17 Am. & Eng. Enc. Law (2 Ed.), 595.

But the second indictment, on which the present conviction rests, alleged that the robbery was committed upon a person whose name was unknown to the grand jury. The State introduced no evidence to prove this allegation, and in this respect the proof was defective. *Boles* v. *State,* 58 Ark. 35; 18 Enc. Plead. & Prac. 1222.

It is further said that the evidence did not show that the money taken was money of the United States as charged in the indictment. The law on that point was discussed by this court in the recent cases of *Marshall* v. *State,* 71 Ark. 417, and *Johnson* v. *State,* 73 Ark. 101. As a new trial must be granted, we need only call attention to those cases.

There are other points discussed by counsel, but we find it unnecessary to notice them. For the errors stated the judgment will be reversed, with an order for the circuit court to overrule the demurrer to the plea of former conviction and for a new trial.