## Commonwealth v. Wilkerson.

(Decided January 29, 1924.)

### Appeal from Hopkins Circuit Court.

1. Criminal Law—Objections of Appellee Below Not Considered, in Absence of Cross-Appeal.—On appeal by the Commonwealth from judgment discharging accused, the court is without authority to consider objections urged by accused in the court below, in the absence of a cross-appeal.

2. Criminal Law—Prosecution for Unlawful Transportation of Liquor Held to Bar Prosecution for Having in Possession.—A prosecution and conviction for unlawful transportation of intoxicating liquor barred a subsequent prosecution for having the same liquor in possession at the time of transportation.

CHAS. G. FRANKLIN, THOS. B. McGREGOR, Attorney General, and EDW. L. ALLEN, Assistant Attorney General, for appellant.

F. J. PENTECOST for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

December 12, 1922, the judge of the Hopkins county court, upon and by virtue of an affidavit then made and filed with him by Charles G. Franklin, county attorney of Hopkins county, issued a search warrant, directed to the sheriff of the county, commanding him to search a certain automobile therein and in the affidavit of Franklin described and alleged to be the property of the appellee, Otto Wilkerson, for the purpose of ascertaining whether it contained, as stated in the affidavit of Franklin and charged in the warrant, intoxicating liquors unlawfully possessed and being transported by Wilkerson and a negro man known as ''Buster,'' from Henderson county to Madisonville, Hopkins county, for sale and delivery in that city. A search of the automobile in ques-

tion under the warrant mentioned, made by a deputy of the sheriff and a *posse,* resulted in the discovery that it contained twenty gallons of "white" or "moonshine" whiskey in jugs, all of which was seized and taken in custody by the officer and *posse.* Wilkerson, who was in charge of the automobile and whiskey, by flight escaped arrest for the time being.

On the same day and immediately after the seizure of the whiskey, two warrants were issued by the county judge for the arrest of Wilkerson, one charging him with the offense of unlawfully transporting intoxicating liquor, and the other that of unlawfully having in his possession such liquor.

Following his arrest under these warrants, Wilkerson was tried, without the intervention of a jury, before the county judge for the offense charged in each of them; the trial in each case resulting in his conviction. He took an appeal from each judgment to the Hopkins circuit court, and in the latter court was first tried under the warrant charging him with the offense of unlawfully transporting the intoxicating liquor discovered by the deputy sheriff and *posse* in his automobile. The jury returned a verdict finding him guilty of the offense charged and fixing his punishment at a fine of $300.00, and imprisonment of sixty days in jail. From the judgment entered upon that verdict he prosecuted an appeal to this court, which affirmed the judgment. The questions raised on that appeal were as to the sufficiency of the affidavit upon which the search warrant was procured and the competency of the evidence obtained by the search made under the warrant; it being held by the court that the affidavit was sufficient and the evidence competent. (Wilkerson v. Comlth., 200 Ky. 399.)

During the same term of the Hopkins circuit court at which he was tried and convicted under the warrant charging him with the offense of unlawfully transporting the liquor in question, the appellee was also tried under the warrant charging him with the offense of unlawfully having the same liquor in his possession. Upon the calling of the latter case for trial he entered a plea of "not guilty;" and also filed a formal plea in bar, in which, after setting forth the issuance of the search warrant by the county judge, the discovery by the deputy sheriff of the intoxicating liquor in the appellant's automobile thereunder, and the latter's subsequent trial and convic-

tion in the circuit court under the warrant charging him with the offense of unlawfully transporting the liquor, it was substantially pleaded that the intoxicating liquor, his alleged unlawful possession of which is the offense charged by the warrant in the instant case, was the same liquor discovered, seized and taken from his automobile by the deputy sherff, and *posse* under the search warrant, and the same for the unlawful transportation of which the appellee was tried and convicted under the warrant charging him with that offense, as previously stated; that his possession and transportation of the liquor constituted but one transaction, or parts of a single transaction, out of which the two offenses charged could not be carved, therefore, his conviction upon the charge of unlawfully transporting the liquor is and should be adjudged a bar to his prosecution for unlawfully having it in his possession.

To this plea the Commonwealth filed a demurrer. Thereupon without a waiver by the appellee of his plea in bar, or by the Commonwealth of its demurrer thereto, the case proceeded to trial under the following written agreement made by the parties and entered of record:

"The Commonwealth of Kentucky v. Otto Wilkerson. Charged with unlawful possession of liquor. The defendant, Otto Wilkerson, having filed herein his written plea of former trial and conviction in this court on February 9, 1923, in bar of this prosecution, this case is now submitted to the court, without the intervention of a jury, with the following stipulations between counsel: That the court may try this case on said plea, on the evidence in the record wherein this defendant was charged with unlawfully transporting liquor; that said record is to be considered as the record of this case and the evidence adduced therein, subject to all objections and exceptions made at the time in the case wherein this defendant was charged with transporting liquor as if again made herein; it being further agreed and stipulated that the intoxicating liquor the defendant is charged in this case with having unlawfully in his possession, is the same liquor found in his possession and seized by the officers under the same search warrant filed in the case wherein the defendant was charged with transporting intoxicating liquor, above referred to."

The circuit court by the judgment rendered overruled the demurrer of the Commonwealth to the appellee's plea in bar, sustained the plea, dismissed the warrant charging him with the offense of unlawfully having intoxicating liquor in his possession and discharged him from custody. The Commonwealth excepted to the judgment, and prayed and was granted an appeal therefrom, which it has duly prosecuted for the purpose of obtaining of this court a certification of the law bearing on the questions passed on by the trial court.

As there is no cross appeal we are without authority to consider the objections that were urged by the appellee in the court below to the affidavit and search warrant under which the intoxicating liquor discovered in his automobile was seized; or to pass on his objections to the competency of the evidence introduced for the Commonwealth that was obtained through the execution of the search warrant. Moreover, these questions, as previously stated, have been determined adversely to the appellee's contentions by our opinion in Wilkerson v. Commonwealth, *supra,* decided since the trial of the instant case in the court below, in which opinion in affirming the judgment convicting appellee of the offense of unlawfully transporting intoxicating liquors, charged in the warrant under which he was first tried, we declared the sufficiency of the search warrant and affidavit upon which it was issued, and also held competent the evidence obtained by the search made under the warrant.

So the only question to be determined on the present appeal is, whether the action of the trial court in sustaining the appellee's plea in bar constitutes reversible error. It is admitted of record that the appellee was tried and convicted for unlawfully transporting the intoxicating liquor under a warrant properly charging that offense, and that the liquor he was convicted of thus transporting was the same liquor with which he is charged by the warrant in the case at bar of having the unlawful possession. The unlawful possession with which he is charged in this case is, therefore, not only related to the offense of unlawfully transporting it of which he was convicted, but was and is a necessary ingredient of it for the very obvious reason, that but for his having the liquor in possession, he certainly could not have transported it.

In Scalf v. Comlth., 195 Ky. 830, the rule for testing the sufficiency of the plea in bar here made is thus stated, quoting with approval from 8 R. C. L., 143:

"When the facts necessary to convict on the second prosecution would necessarily have convicted on the first, a final judgment on the first prosecution will be a bar to the second one."

Again we said in the opinion, in further elaboration of this rule:

"If the evidence which is necessary to support the second indictment was admissible under the former, was related to the same crime, and was sufficient if believed by the jury to have warranted a conviction of that crime, the offenses are identical, and a plea of former conviction or acquittal is a bar."

Tested by the rule thus stated the conclusion cannot be escaped that the trial court did not err in sustaining the appellee's plea in bar. We can well understand how the appellee could by transporting and then selling the liquor have been guilty of two offenses, that is of transporting and selling in violation of the law as was done in the case of Middleton v. Comlth., 198 Ky. 626, relied on by counsel for the Commonwealth, but we are unable to see how he could have transported it, as in this case, or sold it without having it in his possession.

In Bishop on Criminal Law, vol. 1, section 685, it is said:

"That although, when a man has done a criminal thing, the prosecutor may carve as great an offense out of the transaction as he can, yet he is not at liberty to cut but once."

The doctrine thus stated by Bishop has been recognized in numerous cases decided by us. Triplett v. Comlth, 84 Ky. 193; Hinkle v. Comlth., 4 Dana 518; Commonwealth v. Bright, 78 Ky. 238; Fisher v. Comlth., 1 Bush 212.

The authorities, *supra,* being conclusive of the question presented on this appeal, the judgment is affirmed.