STATE OF IOWA, Appellant, v. FRANK GARCIA, Appellee.

CRIMINAL LAW: Former Conviction—Intoxication and Operating Automobile While Intoxicated. A conviction for intoxication is no bar to a prosecution for operating an automobile while intoxicated, based on the former intoxication.

*Appeal from Jefferson District Court.*—F. M. HUNTER, Judge.

OCTOBER 17, 1924.

DEFENDANT was indicted by the grand jury for the crime of operating a motor vehicle while in an intoxicated condition. The defendant entered a plea of not guilty. Under these issues, the cause was tried to a jury. At the close of the State's evidence, the defendant withdrew his plea of not guilty, and entered a plea of former conviction, to which the State demurred. The demurrer was overruled, and the jury instructed to return a verdict for the defendant. The State appeals.—*Reversed without remand.*

*Ben J. Gibson,* Attorney-general, *Maxwell A. O'Brien,* Assistant Attorney-general, and *John G. Barwise,* County Attorney, for appellant.

*Jo. R. Jaques* and *X. C. Nady*, for appellee.

PRESTON, J.—The evidence was sufficient to take the case
to the jury and sustain a conviction of the charge made.  The
defendant was arrested and the transaction occurred early in
the morning of September 23, 1923.  Later on in the morning,
defendant appeared before a justice of the peace, where he was
charged with intoxication.  Defendant pleaded guilty, and paid
a fine of $10 and costs.  The information was filed by Officer
Copeland.  It is not claimed that the prosecution before the
justice of the peace was brought about through the procurement
or connivance of the defendant.  Defendant was also bound over
to the grand jury for the crime of operating a motor vehicle
while in an intoxicated condition.  It is not claimed that de-
fendant was intoxicated at any other time.  The question is
whether defendant was put in jeopardy for the crime charged
herein by the conviction before the justice of the peace, and
whether the conviction for intoxication is a conviction for the
crime charged herein.  The justice of the peace, while he had
jurisdiction, as a committing magistrate, to bind the defendant
over to the grand jury, had no jurisdiction to try the defendant
for the crime charged herein, which is an indictable offense.
The first prosecution was under Section 2402 of the Code of
1897, which provides that, if any person shall be found in a state
of intoxication, he is guilty of a misdemeanor, and shall be fined
not less than $5.00 nor more than $25, etc.  Chapter 96, Acts
of the Fortieth General Assembly, provides that whoever, while
in an intoxicated condition, operates a motor vehicle, shall, upon
conviction, be sentenced to the penitentiary for a period not ex-
ceeding one year, or pay a fine of not more than $1,000, etc.

It is thought by appellee that the test is whether the same
evidence would sustain a conviction of both charges.  We said,
in *State v. Broderick,* 191 Iowa 717, 719:

"The 'same evidence test' is not infallible, but may be ac-
cepted as true only in a general sense.  While the difference of
evidence conclusively establishes the distinctness of the accusa-
tions, it does not follow *e converso* that two indictments are
identical in their accusations, although the same evidence may

be legally competent and sufficient to sustain each; because two crimes may be committed in the course of one and the same transaction.''

Here, the issues tendered by the indictment were different from those under the information for intoxication. To sustain a conviction for intoxication, it was only necessary to show that defendant was intoxicated. It would be wholly immaterial what he was doing, whether operating a motor vehicle or doing something else; while, in the charge under the indictment, it would be necessary, not only to show that he was intoxicated, but that he was operating a motor vehicle while intoxicated. The two offenses are entirely separate. We find this doctrine in the books. A single act may be an offense against two statutes; and, if each statute requires proof of an additional act which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other. 8 Ruling Case Law 149, citing *State v. Moore,* 143 Iowa 240. There is no doubt that it is within the power of the legislature to create two or more offenses which may be committed by a single act, each of which is punishable by itself. A conviction or acquittal in such case under either statute would be no bar to a conviction under the other; for the accused would not be twice in jeopardy for one offense, but only once in jeopardy for each offense. 8 Ruling Case Law 149 and 151. An act or transaction may constitute a violation of both a Federal statute and a state law, or a state law and a municipal ordinance. 8 Ruling Case Law 149, 150. It has been held that the jeopardy incident to a trial before a justice of the peace does not extend to an offense beyond his jurisdiction; to be in jeopardy, there must not only be a sufficient legal charge, but a sufficient jurisdiction to try the charge. So, where a court trying a defendant on a lesser charge would have no jurisdiction of a greater offense involving such charge, there can be no jeopardy. *State v. Rose,* 89 Ohio St. 383 (L. R. A. 1915 A 256); *Crowley v. State,* 94 Ohio St. 88 (L. R. A. 1917 A 661); *Diaz v. United States,* 223 U. S. 442 (56 L. Ed. 500). One and the same course of conduct may amount to separate offenses, which may be separately punished. *Gavieres v. United States,* 220 U.

S. 338 (55 L. Ed. 489). The judgment of the justice of the peace is not a bar to the prosecution of the indictment. We are of the opinion that the proposition is not debatable. The cases which might be cited are almost endless. Without further comment or discussion, the following cases may be cited as sustaining our conclusion. *State v. Foster,* 33 Iowa 525; *State v. Ingalls,* 98 Iowa 728; *State v. White,* 123 Iowa 425; *State v. Price,* 127 Iowa 301; *State v. Johns,* 140 Iowa 125; *State v. Moore,* 143 Iowa 240; *State v. Blodgett,* 143 Iowa 578; *State v. Broderick,* supra; *State v. Cleaver,* 196 Iowa 1278; *State v. Jacobson,* 197 Iowa 547.

The trial court erred in overruling the demurrer and directing a verdict of acquittal. The defendant has now been in jeopardy for the offense charged in this case. The appeal by the State is educational. The cause is reversed, but because of the acquittal the reversal is without remand.—*Reversed.*

ARTHUR, C. J., and EVANS and FAVILLE, JJ., concur.