STATE OF IOWA, Appellant, v. JOHN PURDIN, JR., Appellee.

OCTOBER 26, 1928.

*John Fletcher* and *Blanchard W. Preston*, for appellant.

*McCoy & McCoy* and *Devitt & Eichhorn*, for appellee.

EVANS, J.—I. The information was filed June 10, 1927, and the defendant was duly arrested thereunder. The defendant entered a plea of not guilty, and the case was continued. On July 28, 1927, another information was filed against the defendant before a justice of the peace, charging the defendant with the violation of Section 1936 of the Code of 1927, in that he had been guilty of transporting intoxicating liquor without labeling same, as required by law. This latter case was first brought to trial. From the judgment of guilty rendered by the justice of the peace, the defendant appealed to the district court, where he was again found guilty, and adjudged to pay a fine of $100. This latter case is known in the record as No. 14717; whereas the first named case is known in the record as No. 14631. We

shall so refer to them. It will be noticed that No. 14717 was the first one tried, and the last begun. Judgment was entered therein on appeal in the district court on October 13, 1927. The defendant pleaded the judgment of October 13, 1927, in No. 14717 as a former conviction for the same offense. Case No. 14631 coming on for trial (being the case now at bar), the evidence offered by the respective parties was confined to the issue of former jeopardy. The State offered no testimony in support of the indictment. At the close of the evidence, the defendant moved for a directed verdict, as follows:

"On the defendant's plea of former jeopardy, both the defendant and the State having rested, comes now the defendant and moves the court to direct the jury to return a verdict in his favor, for the reason: That the defendant has been in jeopardy, as shown by the record in this case, and that the defendant has been formerly convicted and punished for the same offense by the judgment of the district court of Mahaska County, Iowa, on October 13, 1927, for the same offense covered by the county attorney's information in this case, and that the defendant, having been once punished for the identical offense referred to in the county attorney's information, cannot again be punished, and that, therefore, he is entitled to have the jury return a verdict of not guilty. That, upon the whole record, the defendant could not be convicted of the crime charged in the county attorney's information in this case."

The State also moved for a directed verdict. The court sustained the motion of the defendant, "on the ground that there had been a prior conviction, and that the defendant had been in jeopardy for substantially the same offense as charged in the county attorney's information." A formal verdict was rendered, as directed. Judgment was entered, discharging the defendant and releasing his bond. Both prosecutions were concededly predicated upon the same transportation, which was had on May 28, 1927. The question presented on this appeal is whether the judgment of October 13, 1927, in Case No. 14717, operated as a bar to the further prosecution of Case No. 14631. That judgment was predicated upon a violation of Section 1936 of the Code of 1927, which is as follows:

"Labeling Legal Shipments. It shall be unlawful for any

common carrier or for any person to transport or convey by any means, whether for compensation or not, within this state, any intoxicating liquors, unless the vessel or other package containing such liquors shall be plainly and correctly labeled or marked, showing the quantity and kind of liquors contained therein, the name of the party to whom they are to be delivered, and the name of the shipper. No person shall be authorized to receive or keep such liquors unless the same be marked or labeled as herein required. The violation of any provision of this section by any common carrier, or any agent or employee of any carrier, or by any person, shall be punished the same as provided in the second preceding section.''

The prosecution of Case No. 14631 as already indicated is predicated upon Sections 1945-a1 and 1945-a2, which are as follows:

''Section 1945-a1. Illegal Transportation. Any person, firm, or corporation, and any agent or employee thereof, who engages in the transportation of intoxicating liquors shall for each act of transportation be fined in a sum not exceeding one thousand dollars or be imprisoned in the county jail not exceeding one year or be punished by both such fine and imprisonment and pay the cost of prosecution, including a reasonable attorney fee to be taxed by the court.''

''1945-a2. Defenses. In any prosecution under this title for the unlawful transportation of intoxicating liquors it shall be a defense: * * *''

Manifestly, these two sections do not purport to define identical offenses. See *State v. Edwards*, 205 Iowa 587; *State v. Drain*, 205 Iowa 581. This fact, however, is not decisive.

Section 13808 provides as follows:

''When a defendant has been convicted or acquitted upon an indictment for an offense consisting of different degrees, the conviction or acquittal shall be a bar to another indictment for the offense charged in the former, or for any lower degree of that offense, *or for an offense necessarily included therein.*''

The precise question, therefore, presented to us on this record is whether either of the offenses charged in the two infor-

mations was, under the evidence, necessarily included in the other.

Sections 1945-a1 and 1945-a2 (Sections 2058 and 2059, Code of 1924) are new legislation. Its manifest purpose is to deal with the evil of "bootlegging." It forbids what may be termed "bootlegging transportation." By its terms, such transportation is rendered unlawful in all its details. The statute is a sweeping prohibition, and in no sense a regulation. Its violation is a major offense, attended with heavy punishment.

Section 1936 purports to deal with a minor offense. Its caption is the key to its construction. It does not forbid the transportation of intoxicating liquor. It purports to regulate *legal* transportation by requiring the observance of certain details of method. Such details tend to prevent the abuse of the privilege of legal transportation. *State v. Edwards*, 205 Iowa 587; *State v. Drain*, 205 Iowa 581.

So far, therefore, as the offenses which are respectively defined in these two sections are concerned, they are manifestly far enough apart to negative mutual identity. To charge a violation of Section 1936, in that there was a failure to properly label the goods, implies that the transportation was otherwise legal. For this reason, only a light penalty is imposed for a breach of regulation. Upon the face of these statutes, therefore, the implication naturally arises that the same act could not well be a violation of both statutes. If the act charged against the defendant constituted a violation of Sections 1945-a1 and 1945-a2, it would be petty to prosecute him under Section 1936. If, on the other hand, the transportation by defendant was authorized by law, but was rendered irregular for failure to label as required by Section 1936, the defendant could not properly be prosecuted under Sections 1945-a1 and 1945-a2. This brings us to a consideration of the evidence.

Notwithstanding this apparent distinction and distance between the two statutes, the State brought them together, arm in arm, and made both of them applicable to the same facts. In order, therefore, to determine the essential identity of the two offenses, we are required to look to the evidence. It is conceded of record that both prosecutions are predicated upon a single act of transportation of intoxicating liquors, had on May 28, 1927. There is no other evidence in the record, and it is a

matter of doubt with us whether, in the absence of the evidence, we can properly pass upon the questions which the State raises on this appeal. We strain a point here, to examine the minutes of the evidence attached to the county attorney's information. Under the concessions in the record, we will assume that the evidence in support of the conviction of October 13, 1927, was the same. This evidence shows a clear case of bootlegging transportation of five gallons of intoxicating liquor concealed in an automobile. Upon this testimony, the State had an open road to sure conviction under Sections 1945-a1 and 1945-a2. If it had proceeded to the trial of its first case first, No. 14631, and if it had obtained a conviction thereunder, what would have been the effect of such conviction on Case No. 14717?

Here we come to an interpretation of Section 13808, and especially the last clause thereof, which we have above italicized. It will be noticed from this section that it is not essential, in support of a plea of former jeopardy, that the offense charged in the second prosecution shall be identical with the first in statutory definition. It is enough if such offense charged was necessarily included in the first conviction.

The question has been before us in various forms in many of our previous cases. We have held that a former acquittal of the charge of maintaining a liquor nuisance is not a bar to a prosecution upon the same facts for unlawful possession of intoxicating liquor. *State v. Boever*, 203 Iowa 86; *State v. Cleaver*, 196 Iowa 1278. This is only saying, however, that a state of facts may exist which would render one guilty of violating the bootlegging statute, and yet fall short of rendering him guilty of maintaining a nuisance.

We have also held that a conviction of a defendant of being found in a state of intoxication is not a bar to a prosecution for operating an automobile while in a state of intoxication. *State v. Garcia*, 198 Iowa 744.

We have held that an acquittal of the charge of embezzlement of money received by the defendant as agent, in violation of Section 13031, is not a bar to a prosecution for embezzlement of property as bailee, in violation of Section 13030. *State v. Folger*, 204 Iowa 1296.

We have also held that a conviction or acquittal of a charge of assault and battery is not a bar to a prosecution on the same

facts for a graver offense,—such as murder, or assault with intent to commit great bodily injury. *State v. Dickson*, 200 Iowa 17.

We have held that an acquittal on a charge of breaking and entering is not a bar to a prosecution of the same defendant upon the same evidence on a charge of receiving stolen property, where the stealing resulted from the breaking and entering. *State v. Broderick*, 191 Iowa 717.

The foregoing are the principal ones of our cases where we have held against the plea of former jeopardy.

On the other hand, we held, in *State v. Price*, 127 Iowa 301, that the acquittal of the defendant on a charge of rape upon the prosecutrix, who was under the age of consent, was a bar to prosecution for incest, based upon the same evidence. This was not because the particular crimes, as defined by statute, were identical, but because, upon the evidence, the commission of one of the offenses was necessarily involved in the commission of the other. If the defendant was innocent of rape, he was necessarily innocent of the charge of incest; and vice versa. In that case we said (page 305):

" * * * it is the general, if not the universal, rule that, to sustain a plea of former acquittal, it need not be shown that the offenses are the same. * * *: This is undoubtedly the rule as to continuing offenses; and we think it also applies where the offenses are of the same nature or species, so that the evidence which proves the one would also prove the other. * * * while the offenses charged are not necessarily the same, they are of the same nature or species,—that is to say, are both sexual offenses,—and evidence which would prove the one would also prove the other. * * * In both rape and incest, the criminal act is the unlawful carnal knowledge of a woman. As the offenses are of the same nature and species, the rule announced in *State v. Waterman*, supra, [87 Iowa 255], must govern."

(Page 308.) "The State, in electing to prosecute for the one, in legal effect waives all the others, save that the others remain in evidence, as a part of the State's case. *State v. Smalley*, 50 Vt. 738. This is undoubtedly the rule as to continuing offenses; and we think it also applies where the offenses are of the same nature or species, so that the evidence which proves the one would also prove the other. *Holt v. State*, 38 Ga.

187. In *Commonwealth v. Arner*, 149 Pa. 35 (24.Atl. Rep. 83), it is expressly held that one who has been convicted of fornication and bastardy cannot thereafter be tried for rape for the same act. See, also, *Lynch v. Com.*, 18 Ky. [Law Rep.] 145 (35 S. W. Rep. 264), and *Bryant v. State* (Ark.), 81 S. W. Rep. 234.''

In *State v. Mikesell*, 70 Iowa 176, we held that an acquittal on a charge of larceny of money was a bar to another prosecution for robbery, which involved the same transaction and the same act as was involved in the larceny charge.

In *State v. Stone*, 75 Iowa 215, a prosecution for uttering a forged note was held to be a bar to a prosecution for obtaining money on false pretenses, predicated upon the same transaction.

In *State v. Gleason*, 56 Iowa 203, we held that a conviction for petit larceny was a bar to a subsequent prosecution for larceny from the person.

In *State v. Murray*, 55 Iowa 530, we held that a conviction of petit larceny for stealing an overcoat was a bar to prosecution under indictment for stealing the same overcoat, though it was alleged in the indictment that the value of the overcoat was $35.

In *State v. Sampson*, 157 Iowa 257, we held that a conviction for petit larceny was a bar to indictment for larceny from a dwelling house, which was predicated upon the same transaction.

It is urged by the State in the case at bar that, inasmuch as the first conviction was had before a justice of the peace, whose jurisdiction could not extend to the larger offense charged in the case at bar, therefore the conviction in the inferior court could not be a bar to procedure in the higher court for want of jurisdiction in the lower court, either to prosecute or to bar the graver offense. There is some dictum in some of our cases which tends to support this argument. See *State v. Garcia*, supra. But this question is quite settled otherwise in our previous cases. In *State v. Murray*, supra, a prosecution in the justice court was held to be a bar to a prosecution in the district court. The same was true in *State v. Gleason*, supra; and likewise in *State v. Sampson*, supra. In the latter case we said:

''It is argued that, as the accused is now charged with the commission of an offense of which a justice of the peace has no

jurisdiction, the former conviction cannot operate as a bar. Simple larceny is an offense included within the compound larceny from a dwelling house (*State v. Nordman,* 101 Iowa 446); and if, after having been punished for the simple larceny, he is again punished for compound larceny, in which the simple larceny is included, and of which it is a necessary ingredient, he is twice punished for simple larceny,—once upon the conviction of simple larceny alone, and a second time upon the conviction of the same simple larceny, as a part of a compound larceny. There are no degrees in the crime of larceny, the circumstances of the offense being recited in the several statutes by way of aggravation in fixing punishment, and manifestly, a conviction thereof in the absence of allegation or proof of these attending circumstances is a conviction of precisely the same offense as when these are included. So it has been held that conviction of petit larceny is a bar to subsequent prosecution for grand larceny on the same facts. *State v. Murray,* 55 Iowa 530. In *State v. Mikesell,* 70 Iowa 176, an acquittal of a charge of larceny from a dwelling in the nighttime was adjudged a bar to a prosecution for robbery, for that he had been acquitted of larceny, the essential element of both offenses. It is laid down in 1 Wharton, American Crim. Law, that: 'If, on a trial of the major offense, there can be a conviction of the minor, then a former conviction or acquittal of the minor will bar the major.' And, as applying the principle to cases like that under consideration, see *State v. Gleason,* 56 Iowa 203; *State v. Wiles,* 26 Minn. 381 (4 N. W. 615); *Floyd v. State,* 80 Ark. 94 (96 S. W. 125); *Powell v. State,* 89 Ala. 172 (8 South. 109); *State v. Paul,* 81 Iowa 597; *State v. Blodgett,* 143 Iowa 578. The same offense was charged in the information and the indictment. Though the latter included aggravating circumstances omitted in the former, the criminal intent was the same, and we are of the opinion that the conviction of petit larceny under the information, in the absence of fraud or collusion, was a complete bar to the subsequent prosecution.''

In the light of our foregoing precedents, we revert to the record before us.

If the case before us, No. 14631, had been prosecuted to judgment before Case No. 14717, it is plain that the judgment therein could have been pleaded in bar to further prosecution

in No. 14717. The offense charged in No. 14631 and the evidence in support thereof disclosed a violation of Sections 1945-a1 and 1945-a2. The wrongful transportation charged therein was complete in its illegality. The illegality was in the act of transportation itself, and not in any detail of method thereof. Could anything be added to such illegality by saying that defendant had breached the regulation of method of legal transportation? There is a touch of the grotesque in saying to a bootlegger, who had concealed his contraband cargo in the hold of his motor vehicle, that he should have labeled his goods, in obedience to Section 1936. If he had done so, would he have been less guilty than he was in fact? Whatever illegality entered into that act of transportation was necessarily covered and punished under Sections 1945-a1 and 1945-a2. If the same act violated also Section 1936, then such violation of Section 1936 was an "offense necessarily included" in the first information, within the meaning of the last clause of Section 13808, above quoted.

Our argument up to this point has proceeded on the hypothesis that the first prosecution (No. 14631) had first gone to judgment. The hypothesis aids the argument, because the larger offense may readily include the lesser. Upon the actual record before us, the case involving the lesser offense went first to judgment. The lesser offense could not, in the nature of things, include the larger. Can it, therefore, operate as a bar to the prosecution of the larger offense? This question is fully discussed and answered in *State v. Sampson*, 157 Iowa 257. It is there held that the effect of prosecuting first the lesser offense, where a larger offense has been committed, and could be prosecuted, is a method of splitting a larger offense into its lesser parts, and that the State is bound by its election. It is not necessary that we repeat here the extended discussion had in that case.

If we apply the rule announced in that case, the effect of the conviction of the defendant for failing to label his goods was, indirectly at least, a conviction of the defendant for a part of the larger offense. To subject him to prosecution and punishment again under the pending information would result in a dual punishment for the same offense. Granted that the first punishment was inadequate, yet a second punishment would transcend the law. The right of election was with the State.

It could put the defendant once in jeopardy for the same offense. When it elected, it necessarily put the defendant in jeopardy, whether it elected wisely or otherwise. In support of the conclusion which we reach herein, there is much authority from other jurisdictions. See *Crommett v. State,* 115 Neb. 399 (213 N. W. 743); *People v. Ninehouse,* 227 Mich. 480 (198 N. W. 973); *State v. Cooper,* 13 N. J. (Green) 361 (25 Am. Dec. 490); *Commonwealth v. Wilkerson,* 201 Ky. 729 (258 S. W. 297).

We quote the following from 1 Bishop on Criminal Law (7th Ed.), Section 1051:

"If the two indictments set out offenses which are alike and relate to one transaction, yet if one contains more of criminal charge than the other, but upon it there could be a conviction for what is embraced in the other, the offenses, though of differing names, are, within the constitutional protection from a second jeopardy, the same."

II. The general rule deducible from our previous cases above cited does not stand forth very clearly. We think, however, that all of our cases may be harmonized by a perception of the proper interpretation and legal effect of Section 13808, Code of 1924. This may be stated broadly:

(1) Where the offense under the first prosecution was identical in legal effect and definition with that under the second prosecution, then the first prosecution becomes a bar to the second, whether its result was a conviction or an acquittal.

(2) Where the two offenses are not identical in legal effect and definition, then the first prosecution is not a bar to the second, unless the last clause of Section 13808 becomes applicable thereto.

The proper construction and application of this statutory clause are in fact the turning point in most of our previous cases above cited. The question presented by this statutory clause is: Was the offense charged in the second prosecution, such a one as was necessarily included in the first prosecution, even though it were not the identical offense or a lower degree thereof? This statutory clause implies that offenses differing in a legal sense may be so related to each other and to a particular act of transgression that the transgressor may be prosecuted for either offense, and that the one is inseparable from the other.

In answering the question raised by the statutory clause, resort must be had, not simply to legal definition, but to the evidence and to the theory of law upon which the first case was prosecuted. The result of the prosecution also may have its effect upon the proper answer to the question. Ordinarily, where a good defense of former jeopardy is pleaded, it is immaterial whether the result was a conviction or an acquittal. Both conviction and acquittal are on a parity as a prior adjudication and a bar. This is not necessarily so in the application of the statutory clause under consideration. Cases are readily conceivable wherein a conviction might constitute a bar, and where an acquittal would not, or vice versa. In the case at bar, we have expressed the view that the offenses defined by Sections 1936 and 1945-a1 and 1945-a2, respectively, are different offenses, and that the act of transgression disclosed by the evidence should have been prosecuted under Sections 1945-a1 and 1945-a2, and not under Section 1936. But the court which tried Case No. 14717 held otherwise, and held that such act of transgression constituted a violation of Section 1936. Such holding became the law of the case, and as such, had .the same force and effect as a statute itself. By this holding, the court reduced these two statutes to a mutual identity, and in effect held that the transgressor for his act of transgression could be prosecuted under either statute. The State put itself in the position of electing to prosecute the offense as a minor one, under Section 1936. It thereby waived its prosecution for the larger offense, as we held in *State v. Sampson*, supra. Under the law of the case, as thus established by the trial court, the defendant was found guilty and punished. If the trial court had held that the act of transgression disclosed by the evidence was punishable only under Sections 1945-a1 and 1945-a2, and not under Section 1936, then he would have acquitted the defendant on that ground. Such acquittal would not have operated as a bar to a prosecution of the defendant under the proper statute. If, on the other hand, the trial court had held in such case that the alleged act of transgression was punishable under Section 1936, but had failed to find that the defendant was guilty of committing such act of transgression, then the acquittal would operate as a bar, in like manner as a conviction. The case of *State v. Price*, 127 Iowa 301, furnishes an illustration of the operation of this rule. In

that case, the defendant was charged with statutory rape upon a female who was under the age of consent, and who was his own stepdaughter. A second indictment was returned against the defendant, charging him with incest. The two offenses thus charged were not identical in legal effect or definition. Having been tried and acquitted on the charge of rape, he pleaded his acquittal as a bar to a prosecution for incest. Such plea was sustained. The only ground for sustaining the same was the statutory clause under consideration. We held that, though the second prosecution was for a different offense, yet it was predicated upon the same alleged act of transgression, neither less nor more, and that the defendant was necessarily guilty of both offenses, or guilty of neither. In the application of the statute in that case, the acquittal became the decisive feature. Whether, in that case, if a conviction had resulted, it could have been pleaded in bar of a second prosecution for a different offense, *quaere*. In *State v. Folger*, 204 Iowa 1296, two indictments were presented against the defendant,—the one charging him with embezzlement in violation of the provisions of Section 13031; the other charging him with embezzlement in violation of the provisions of Section 13030. Both indictments were predicated upon the same act of transgression. Such act was a violation of Section 13030, but was not a violation of Section 13031. The defendant was put on trial under the first indictment, as for violation of Section 13031, and was acquitted. He pleaded his acquittal as a bar to a prosecution of the second indictment, as a violation of Section 13030. His plea was denied in the district court, and we sustained the ruling here. He was properly acquitted on the first prosecution, because the act of transgression disclosed by the evidence was not a violation of Section 13031. And such was the holding of the trial court. On trial under the second indictment, defendant was convicted. We held, on the appeal, that his acquittal under the first indictment was consistent with his conviction under the second, and that it did not operate as a bar to the second prosecution. These two sections of the statute define different offenses, which are closely related. If, upon the first trial, the trial court had adopted the view that the act of transgression disclosed by the evidence was, or might be, under the finding of the jury, a violation of Section 13031, and if, upon such holding of the court, the jury had

rendered a verdict of conviction in the first case, a quite different question would be presented. In such case, a plea of conviction as a bar to the second prosecution might be sustained. The foregoing is perhaps a sufficient indication of the general rules governing the statutory clause above quoted. To this general rule of application, one prominent exception of general acceptance should be recognized. This is that a prosecution for assault and battery will not bar the subsequent prosecution of the defendant for the higher offenses,—murder, manslaughter, or assault with intent to commit great bodily injury.

Applying to the case at bar the rule of construction here enunciated, we are of the opinion that the district court properly held that the first prosecution was a bar to the second.

The judgment below is, accordingly,—*Affirmed*.

DE GRAFF, ALBERT, MORLING, and KINDIG, JJ., concur.