STATE OF IOWA, Appellant, v. GEORGE SMITH, Appellee.

No. 42273.

MARCH 13, 1934.

Edward L. O'Connor, Attorney-general, Walter F. Maley, Assistant Attorney-general, and Carl A. Burkman, County Attorney, and Francis J. Kuble, Assistant County Attorney, for appellant.

W. O. Chatterton, for appellee.

STEVENS, J.—Practically the sole question presented on this appeal is: Was the defendant entitled to plead the judgment in the municipal court in the prosecution for assault and battery as a bar to the indictment for assault with intent to do great bodily injury? Both prosecutions are based upon the same act. The question is not an open one in this state. Although in line with the minority, it is the rule in this state that a conviction or acquittal of a charge of assault and battery does not bar a subsequent prosecution for assault with intent to do great bodily injury. This was first held in this state in State v. Foster, 33 Iowa 525. The holding in that case is based in part upon section 4720 of the Revision, now section 13808

of the Code. This precise question has not been made the basis of the court's decision in any subsequent case, but the rule has, by repeated restatement and recognition, become the settled law of this state. State v. Gleason, 56 Iowa 203, 9 N. W. 126; State v. Blodgett, 143 Iowa 578, 121 N. W. 685, 21 Ann. Cas. 231; State v. Broderick, 191 Iowa 717, 183 N. W. 310; State v. Garcia, 198 Iowa 744, 200 N. W. 201; State v. Dickson, 200 Iowa 17, 202 N. W. 225; State v. Purdin, 206 Iowa 1058, 221 N. W. 562; State v. Jacobson, 197 Iowa 547, 197 N. W. 638; State v. Wheelock, 216 Iowa 1428, 250 N. W. 617. The same rule has had recognition in a few other jurisdictions. State v. Hattabough, 66 Ind. 223; May v. State, 110 Ark. 432, 162 S. W. 43; Caudle v. State, 57 Tex. Cr. R. 363, 123 S. W. 413.

There is some possible confusion in the language of some of the opinions of this court, but the rule stated in State v. Foster, supra, is clear, definite, and without the slightest ambiguity. A review of subsequent decisions is quite unnecessary at this time.

It is also the well-settled rule in this state that the conviction, or acquittal, of a lower degree of any offense involved in the crime charged is a bar to a subsequent prosecution for the higher. State v. Sampson, 157 Iowa 257, 138 N. W. 473, 42 L. R. A. (N. S.) 967; State v. Smith, 132 Iowa 645, 109 N. W. 115; State v. Murray, 55 Iowa 530, 8 N. W. 350; State v. Egglesht, 41 Iowa 574, 20 Am. Rep. 612; State v. Tweedy, 11 Iowa 350.

There is a suggestion in appellant's argument that the court in which the defendant was convicted of assault and battery is a court of inferior jurisdiction and without jurisdiction to prosecute one charged with the crime of assault with intent to do bodily injury, and that, for this reason, the bar of the statute does not apply. In some of our former decisions, this doctrine, which prevails in some states, has been given apparent recognition. In so far, however, as the doctrine has been given such recognition by this court, it was directly disapproved in State v. Purdin, supra. The demurrer should have been sustained.

It follows that the judgment of the district court must be, and it is, reversed.—Reversed.

CLAUSSEN, C. J., and MITCHELL, ANDERSON, and KINTZINGER, JJ., concur.