## Commonwealth v. Polous.

(Decided January 16, 1923.)

### Appeal from Perry Circuit Court.

Intoxicating Liquors—Indictment—Keeping for Sale—Unlawful Possession—Trial—Instructions.—Where the offense charged is keeping intoxicating liquor for sale, that offense and no other should be submitted to the jury.

CHAS. I. DAWSON, Attorney General, THOS. B. McGREGOR, Assistant Attorney General, and C. W. NAPIER for appellant.

FAULKNER, STANFILL & FAULKNER and S. M. WARD for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Certifying the law.

Dick Polous was acquitted and the Commonwealth appeals for the purpose of having the law certified.

Appellee was charged with the offense of keeping intoxicating liquor for sale. Though this issue was submitted to the jury by an appropriate instruction, the Commonwealth insists that the court should have instructed on unlawful possession. The argument is that the allegation, "for sale," was mere surplusage, and that appellee was guilty if his possession was otherwise illegal. To enable the defendant to meet the offense charged, the Code requires that the indictment must be direct and certain as regards the offense charged. Section 124, Criminal Code. This provision would be of little value if the Commonwealth could charge one offense and submit another to the jury. Under the statute, "keeping for sale" is one offense, while "unlawful possession" is another, and as the defense to the one may not be the same as the defense to the other, one who is prepared to meet the charge of "keeping for sale" may not be prepared to meet the charge of "unlawful possession." We therefore conclude that where the charge is "keeping for sale," the words "for sale" are the material part of the charge, and this charge and no other should be submitted to the jury.

Wherefore this opinion is certified as the law of the case.