## Mullins v. Commonwealth.

(Decided October 22, 1926.)

## Appeal from Pike Circuit Court.

1.  Criminal Law.—Former acquittal of unlawful gift of intoxicating liquor is no bar to prosecution for unlawful possession of same liquor, offenses not being identical under Kentucky Statutes, section 2554a-1.
2.  Criminal Law.—State may not carve number of offenses from one criminal act.
3.  Criminal Law.—Submission of question of identity of liquor under plea of former jeopardy was not prejudicial, where as matter of law plea was without merit.
4.  Criminal Law.—Omission of reasonable doubt charge in prosecution for unlawful possession of liquor held error (Criminal Code of Practice, section 238).

F. M. BURKE and STATON & KEESEE for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellant was indicted for the offense of unlawfully having in his possession intoxicating liquors. He entered pleas of not guilty and "former acquittal." The major portion of his trial revolved around this latter plea. It seems as though the appellant had, some months previous to the finding of the indictment, been tried in a magistrate's court for the offense of "unlawfully giving away" intoxicating liquors and been acquitted. The evidence in this case is in hopeless conflict as to whether or not the liquor, which was the subject matter of the prosecution in the magistrate's court, is the same liquor which was the foundation of the charge in the circuit court. In a very confusing instruction, the court submitted this question to the jury as well as the question of whether or not appellant was in the unlawful possession of whiskey as charged in the indictment. He did not instruct the jury to the effect that, if it entertained a reasonable doubt as to the appellant's having been proved guilty, it should acquit him. The jury found the appellant guilty as charged and he has appealed.

Although, as stated, the evidence is in conflict as to the identity of the liquor in the two prosecutions, yet,

even though appellant be correct in his contention that the liquor involved in the prosecution in the magistrate's court is identical with the liquor involved in the prosecution in the circuit court, his plea of "former acquittal" can avail him naught. It is true that, had he been convicted in the magistrate's court of the offense of "unlawfully giving away" intoxicating liquor, such conviction would be a bar to a prosecution for the unlawful possession of that same liquor, since he could hardly have given it away without possessing it. Commonwealth v. Wilkerson, 201 Ky. 729, 258 S. W. 297. The reason for that rule is that, when a man has done a criminal thing, the Commonwealth may not carve from it a number of offenses· for which it will convict him. It may cut but once. But it does not follow that, where the accused has been acquitted of the offense of "unlawfully giving away" intoxicating liquor, he may not be prosecuted for the unlawful possession of the same whiskey. The two offenses are not identical. The offense of "unlawfully giving away" involves elements in addition to "unlawful possession." Nor would the Commonwealth have been entitled in the prosecution in the magistrate's court to have the question of "unlawful possession" submitted along with the question of "unlawful gift." In the case of Commonwealth v. Polous, 197 Ky. 280, 246 S. W. 799, Polous was indicted for the offense of unlawfully keeping intoxicating liquor for sale. This offense was submitted by an appropriate instruction to the jury. The Commonwealth insisted that it should also have had an instruction on "unlawful possession" whether for sale or not. In disallowing that contention of the Commonwealth, we said:

"Under the statute, 'keeping for sale' is one offense, while 'unlawful possession' is another, and, as the defense to one may not be the same as the defense to the other, one who is prepared to meet the charge of 'keeping for sale' may not be prepared to meet the charge of 'unlawful possession.' We therefore conclude that where the charge is 'keeping for sale,' the words, 'for sale,' are the material part of the charge, and this charge and no other should be submitted to the jury."

The offenses of unlawfully keeping for sale, unlawful possession and unlawfully giving away intoxicating

liquors are each denounced by section 2554a-1 of the stat-
utes. It therefore follows from the Polous case that
"unlawfully giving away" is just as much a separate
offense from "unlawful possession" as "unlawfully
keeping for sale" is such a separate offense, and that the
Commonwealth on a prosecution for "unlawful gift" is
not entitled to a submission on "unlawful possession."
The acquittal then of a charge of unlawful gift by no
means concludes the question of unlawful possession.
It follows that the trial court should not have submitted
the question of the identity of the liquor to the jury in
this case, but should have peremptorily decided that the
plea of former acquittal was without merit. But it is
obvious that the submission of this question to the jury
was not prejudicial to appellant. However, as the jury
could not, under the instruction of the court, have found
the appellant guilty had it not decided that the liquors
involved in the two prosecutions were not identical, and
as appellant did not concede that he was ever in the pos-
session of any liquor other than that involved in the pro-
secution in the magistrate's court, it follows that he was
convicted of an offense he did not concede without the
benefit of a reasonable doubt instruction. This was
error. Criminal Code, section 238. For this reason, the
judgment must be reversed, with instructions to grant
appellant a new trial in conformity to this opinion.