### Kelly v. Commonwealth.

(Decided Jan. 29, 1935.)

BROCK & JONES for appellant.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

Helen Kelly has prayed an appeal from a judgment convicting her of a violation of the Prohibition Law and fixing her punishment at a fine of $100 and 30 days in jail.

Helen Kelly was arrested, tried, and convicted in the Harlan county court under a warrant charging her with the offense of selling, transporting, or of having in her possession for the purpose of sale, malt and intoxicating liquors. She appealed to the circuit court and entered a motion to require the commonwealth to

elect which offense it would prosecute. The motion was sustained, and the commonwealth elected to try her for having liquor in her possession. Mrs. Kelly lives near the village of Evarts. Acting under a search warrant, the sheriff of Harlan county and some of his deputies searched her premises. At the time they entered there were five or six men in the house playing cards, and they discovered a pint of whisky in the ice box or refrigerator in the kitchen and a half-gallon fruit jar containing moonshine whisky out in the yard about 10 or 20 feet from the residence. Mrs. Kelly's defense, supported by her evidence and that of others, was that she was at home in bed, and that the liquor was brought to her premises by one Charlie Cox without her knowledge or consent, and that she knew nothing about its being there. In addition to an instruction on reasonable doubt, the court told the jury that, if they believed from the evidence to the exclusion of a reasonable doubt that the defendant, Helen Kelly, in Harlan county, Ky., and within 12 months before the finding of the indictment or warrant, "had in her possession spirituous, vinous and malt liquors not for sacramental, scientific or medicinal purposes," then they should find her guilty and fix her punishment, etc.

As the only kind of possession charged in the warrant was "possession for the purpose of sale," the commonwealth's election to try the accused for having liquor in her possession meant the kind of possession charged in the warrant, to wit, possession for the purpose of sale, and not unlawful possession generally. The rule is that, where the charge is "keeping for sale" or its equivalent "having in possession for the purpose of sale," the words "for sale" are the material part of the charge, and this charge and no other should be submitted to the jury. Commonwealth v. Polous, 197 Ky. 280, 246 S. W. 799. As the given instruction did not comply with this rule, it was erroneous.

Wherefore the appeal is granted, judgment reversed, and cause remanded for a new trial consistent with this opinion.